## Thomas DELPH *v.* STATE of Arkansas

CR 89-107 780 S.W.2d 527

Supreme Court of Arkansas
Opinion delivered December 4, 1989

*Appellant*, Pro Se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. On December 11, 1986, the appellant, Thomas Delph, was charged by information with two counts of aggravated robbery, one count of theft of property, and one count of possession of a firearm by a convicted felon. Four days later, Delph was charged by information with one count of aggravated robbery and habitual offender status.

Delph was committed to the Arkansas State Hospital on January 15, 1987, for psychiatric treatment because it was determined that he was mentally ill and unable to proceed in aid of his defense. Delph was released from the Arkansas State Hospital on January 26, 1988, and transferred to the Pulaski County Jail. On February 8, 1988, Delph entered into a negotiated plea agreement; he was subsequently convicted on February 9, 1988, of two counts of aggravated robbery and one count of theft of property, and received concurrent sentences of ten years imprisonment in the Arkansas Department of Correction for each offense. Delph received 75 days for jail time credit.

Almost a year later, on February 2, 1989, Delph filed, for both of his underlying cases, a "motion for credit for time spent in custody." He claimed that he was entitled to an additional 376 days of jail time credit for the time he spent in the Arkansas State Hospital. The trial court denied the motion on February 9, 1989, and found that Delph had agreed at the time of the plea

agreement that he was entitled only to 75 days jail time credit. The trial court also found that he had apparently waived any further credit and that he was being held at the time for other charges in other courts. The February 9, 1989, order was filed in both cases.

A second order was filed in both cases on April 3, 1989, which found that the trial court lost "jurisdiction after one hundred twenty (120) days under Ark. Code Ann. § 16-90-111 [(Supp. 1989)]".

Delph contends that the trial court erred in its denial of his "motion for credit for additional time spent in custody" while awaiting trial and relies solely on Ark. Code Ann. § 5-4-404 (1987) in support of his contention.

Section 5-4-404 provides that "[i]f a defendant is held in custody for conduct that results in a sentence to imprisonment, the court shall credit the time spent in custody against the sentence."

We need not address the merits of Delph's argument because the trial court was correct in denying his motion on the basis of section 16-90-111, which provides as follows:

> (a) Any circuit court, upon receipt of petition by the aggrieved party for relief and after the notice of the relief has been served on the prosecuting attorney, may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided in this section for the reduction of sentence.
>
> (b)(1) The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed . . . .

We have held that an "illegal sentence" means a sentence illegal on its face; where a defendant seeks relief from a sentence that is legal on its face, he must petition the court within 120 days of sentencing. *Fritts* v. *State*, 298 Ark. 533, 768 S.W.2d 541 (1989); *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 313 (1986).

In this case, Delph entered into a plea agreement in which he pled guilty to three of the offenses with which he was charged. In

return, the remaining charges were dropped. Delph was given concurrent ten year sentences with 75 days jail time credit. We note, in addition, that the sentences given Delph were clearly within the maximum prescribed by law and are not illegal on their face.

Delph's argument, at most, is that his sentences were imposed in an illegal manner. Delph filed his "motion for credit" 358 days after the imposition of his sentence. Obviously, the trial court was correct in denying the motion, as it was not filed in conformance with the 120 day filing requirement.

We affirm.