Tony Lamont COOLEY *v.* STATE of Arkansas

CR 95-805                                    909 S.W.2d 312

Supreme Court of Arkansas
Opinion delivered November 6, 1995

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Tony Lamont Cooley, appeals a judgment of the Pulaski County Circuit Court convicting him of robbery, residential burglary, felon in possession of a firearm, two counts of aggravated robbery and two counts of theft of property. The circuit court tried appellant and sentenced him as a habitual offender with four or more prior felonies to concurrent sentences resulting in a term of fifty years in the Arkansas Department of Correction. Appellant's sole point of error in the proceedings below is the failure of the judgment to reflect the trial court's statement from the bench that he receive

jail credit for one year and three days. Jurisdiction is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(2).

The state does not dispute that appellant is entitled to the jail credit pursuant to Ark. Code Ann. § 5-4-404 (Repl. 1993). According to the state, the judgment does not reflect the jail credit due to a clerical mistake. Consequently, the state does not object to modification of the judgment to reflect the credit. The state does argue, however, that appellant did not seek relief from the trial court prior to filing this appeal and therefore suggests the case should be remanded for modification.

Appellant contends we should address his argument, even though it is made for the first time on appeal, either because he received an illegal sentence or because, pursuant to *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980), he did not have an opportunity to review the judgment before it was filed. Neither of these arguments has merit for the reasons discussed below.

First, an illegal sentence is one that is illegal on its face. *Delph* v. *State*, 300 Ark. 492, 780 S.W.2d 527 (1989). When the sentence given is within the maximum prescribed by law, as was appellant's sentence, it is not illegal on its face. *Id.* Second, regardless of whether appellant had an opportunity to review the judgment before it was filed, he certainly had an opportunity to review it after it was filed and seek correction of the judgment below pursuant to A.R.Cr.P. Rule 37 since no appeal was pending.

In the conclusion of his brief, appellant cites Arkansas Code Annotated § 16-65-119(b) (1987) as authority for this court to modify the judgment on appeal. However, subsection (c) of that statute provides that the proceedings to obtain modification shall be by appeal as prescribed by law. It is well-settled law that issues raised for the first time on appeal are not considered by this court. *E.g.*, *Rhoades* v. *State*, 319 Ark. 45, 888 S.W.2d 654 (1994). Therefore, section 16-65-119(b) does not authorize modification on appeal when there was no request for modification below.

This court has previously decided that a request for jail time credit is a request for modification of a sentence imposed in an illegal manner. *Delph*, 300 Ark. 492, 780 S.W.2d 527; *see*

*Pannell* v. *State,* 320 Ark. 250, 895 S.W.2d 911 (1995). A claim that a sentence was imposed in an illegal manner must be raised in a petition filed with the circuit court under Rule 37. A.R.Cr.P. Rule 37.2(b); *Cothrine* v. *State,* 322 Ark. 112, 907 S.W.2d 134 (1995) (per curiam) (citing *Harris* v. *State,* 318 Ark. 599, 887 S.W.2d 514 (1994) (per curiam)). No such petition was filed in this case.

■ Because modification of the sentence is the only issue raised on appeal, and because both parties agree as to the correction of the sentence, we are somewhat inclined to modify the judgment and affirm as modified. *See Walters* v. *State,* 267 Ark. 155, 621 S.W.2d 468 (1979), and *Abbott* v. *State,* 256 Ark. 558, 508 S.W.2d 733 (1974). However, neither *Abbott* nor *Walters* considered Rule 37 and its application or effect. Rule 37 requires that the merits of the modification of the sentence be determined by the circuit court. Therefore, we feel constrained to dismiss the appeal rather than modify the judgment.

■ Appellant is not left without a remedy, however. As applied to this case, Rule 37.2(c) provides that if an appeal was taken of the judgment of conviction, a petition for relief under the rule must be filed with the circuit court within sixty days of the issuance of the mandate or dismissal of the appeal. Thus, appellant has sixty days from this dismissal to seek correction of his sentence which was imposed in an illegal manner.

The appeal is dismissed.