SLIP OPINION

Cite as 2014 Ark. 438

# SUPREME COURT OF ARKANSAS

No. CR-14-670

| | | |
|---|---|---|
| VINCENT COOPER | | **Opinion Delivered** October 23, 2014 |
| | APPELLANT | |
| | | PRO SE MOTION FOR EXTENSION |
| V. | | OF TIME TO FILE BRIEF |
| | | [MILLER COUNTY CIRCUIT COURT, |
| | | NOS. 46CR-96-516, 46CR-98-358] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE KIRK JOHNSON, |
| | | JUDGE |
| | | |
| | | APPEAL DISMISSED; MOTION |
| | | MOOT. |

**PER CURIAM**

In 1999, amended judgment-and-commitment orders were entered in the Miller County

Circuit Court reflecting that appellant Vincent Cooper had entered negotiated pleas of guilty to

violating Arkansas's Hot Check law in Case No. 46CR-96-516 and theft of property in Case No.

46CR-98-358. For each conviction, appellant was sentenced to 120 months' imprisonment with

imposition of 84 months suspended. The sentences were ordered to be served consecutively.

In 2005, an amended judgment-and-commitment order was entered in the Miller County Circuit

Court reflecting that appellant had been found guilty by a jury of aggravated robbery and

attempted robbery in Case No. 46CR-02-119, and he was sentenced to an aggregate term of 360

months' imprisonment. The Arkansas Court of Appeals affirmed. *Cooper v. State*, CR-05-818

(Ark. App. Mar. 1, 2006) (unpublished) (original docket no. CACR 05-818).[1] The mandate

---

[1]Appellant was originally convicted in 2003, and the Arkansas Court of Appeals reversed the judgment and remanded the matter for retrial on evidentiary grounds. *Cooper v. State*, CR-03-542 (Ark. App. Apr. 14, 2004) (unpublished) (original docket no. CACR 03-542).

issued on May 4, 2006.

In 2014, appellant filed in the circuit court in Case Nos. 46CR-96-516 and 46CR-98-358 a pleading entitled "Motion for Credit for Time Spent in Custody." In the motion, appellant contended that, after his release from incarceration in Case Nos. 46CR-96-516 and 46CR-98-358, he was arrested for charges filed in Case No. 46CR-02-119, resulting in the revocation of the suspended imposition of his sentences in the earlier cases.[2] In his prayer for relief, appellant requested that a nunc pro tunc order be entered reflecting 472 days' jail-time credit on the sentence imposed in Case No. 46CR-02-119. In its order denying relief, the circuit court treated appellant's motion as a request for modification of a sentence imposed in an illegal manner and denied the motion as untimely. Appellant timely lodged an appeal from the order in this court and now seeks by pro se motion an extension of time to file the appellant's brief-in-chief.

Because it is clear from the record that appellant could not prevail on appeal, we dismiss the appeal, and the motion for extension of time is moot. An appeal of the denial of postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v. State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam).

A request for jail-time credit is a request for modification of a sentence imposed in an illegal manner and, as such, must be raised in a proceeding pursuant to Arkansas Rule of

---

[2]Appellant did not append to his motion copies of the sentencing orders entered on the revocation of the suspended sentences in Case Nos. 46CR-96-516 and 46CR-98-358. Public records of the Arkansas Department of Correction, however, confirm that, on January 23, 2003, appellant was sentenced to 48 months' imprisonment in each case. This court's docket reflects that no appeal was taken from those judgments.

SLIP OPINION

Criminal Procedure 37.1. *Pineda v. Norris*, 2009 Ark. 471 (per curiam) (citing *Cooley v. State*, 322 Ark. 348, 909 S.W.2d 312 (1995)). A claim that a sentence was illegally imposed must be raised in a petition filed in the circuit court within ninety days of the date of entry of judgment if the conviction was obtained on a plea of guilty or if the petitioner was found guilty at trial and did not appeal the judgment of conviction. Ark. R. Crim. P. 37.2(c)(i); *see also Reed v. State*, 317 Ark. 286, 878 S.W.2d 378 (1994) (holding that Rule 37.2 superseded the time limits imposed in Ark. Code Ann. § 16-90-111 for correction or reduction of a sentence). The time limits set out in Rule 37.2 are jurisdictional in nature, and the circuit court may not grant relief on an untimely petition for postconviction relief. *Holloway v. State*, 2010 Ark. 42 (per curiam). Here, appellant's motion was not timely filed within ninety days after the judgments in Case Nos. 46CR-96-516 and 46CR-98-358 had been entered of record. Appellant did not file his motion until approximately 15 years after entry of the judgments of conviction and 11 years after entry of the orders on revocation of his suspended sentences.[3] When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Winnett v. State*, 2012 Ark. 404 (per curiam).

Appeal dismissed; motion moot.

*Vincent Cooper*, pro se appellant.
No response.

---

[3]While appellant filed the underlying motion in Case Nos. 46CR-96-516 and 46CR-98-358, it is not entirely clear from the substance of the motion whether appellant requested that jail-time credit be applied to the sentences imposed on revocation of his suspended sentences in Case Nos. 46CR-96-516 and 46CR-98-358 or to the sentence imposed in Case No. 46CR-02-119. In any event, the motion was not filed in Case No. 46CR-02-119, and, even if filed in the latter case, the motion was untimely as to that sentence as well. *See* Ark. R. Crim. P. 37.2(c)(ii) ("If an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate is issued by the appellate court.").