

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–945

| | |
|---|---|
| TIMOTHY SMITH<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** November 19, 2014<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2009-92; CR–2009-111]<br><br>HONORABLE BRENT DAVIS, JUDGE<br><br>DISMISSED |

## RITA W. GRUBER, Judge

Timothy Smith brings this appeal from the circuit court's sentencing order of August 1, 2013, which revoked his suspended impositions of sentence on four counts of Class C felony theft of property and two counts of Class D felony breaking or entering. He raises one point, contending that the sentencing order is defective because it fails to provide jail-time credit to which he is entitled. We dismiss the appeal because the issue was not raised to the circuit court.

Smith received a ten-year sentence of imprisonment on the first count of theft; a ten-year sentence of imprisonment on the second theft count, to be served consecutively to the first; a ten-year suspended imposition of sentence on the third theft count, to be served consecutively to counts one and two; a ten-year sentence on the fourth theft count, concurrent to count three; and six-year sentences on counts five and six for breaking or entering, with count five concurrent to count four and count six concurrent to count five.

SLIP OPINION

Smith does not challenge the legality of the sentences but asserts that he is entitled to jail-time credit that was not given. *See* Ark. Code Ann. § 5-4-401 (Repl. 2013) (authorizing a maximum sentence of ten years for Class C felonies and maximum six-year sentence for Class D felonies); Ark. Code Ann. § 5-4-404 (Repl. 2013) (providing that "if a defendant is held in custody for conduct that results in a sentence to imprisonment" the court shall credit "the time spent in custody against the sentence").

At the revocation hearing, Smith did not request jail-time credit nor did he submit evidence establishing entitlement to credit based on the time he was jailed for the underlying offenses. A request for jail-time credit is a request for modification of sentence imposed in an illegal manner, not an allegation of an illegal sentence, and as such must be raised in a proceeding pursuant to Arkansas Rule of Criminal Procedure 37.1. *See Pineda v. Norris*, 2009 Ark. 471. Rule 37 requires that the merits of the modification of the sentence be determined by the circuit court; the appellate court is constrained from modifying a judgment solely for the purpose of including jail-time credit. *Cooley v. State*, 322 Ark. 348, 909 S.W.2d 312 (1995). Because Smith did not raise the issue of jail-time credit to the circuit court, we dismiss his appeal.

Dismissed.

WYNNE and BROWN, JJ., agree.

*The Lane Firm*, by: *Jonathan T. Lane*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.