SLIP OPINION

Cite as 2015 Ark. 120

# SUPREME COURT OF ARKANSAS

No. CR-14-736

|  |  |  |
|---|---|---|
| OMAR PEREZ | APPELLANT | **Opinion Delivered** March 19, 2015 |
| V. | | PRO SE APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-06-46] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE BRAD L. KARREN, JUDGE |
| | | APPEAL DISMISSED. |

## PER CURIAM

In 2013, appellant Omar Perez entered a plea of guilty to multiple felony offenses in case number 04CR-06-46 and was sentenced to 120 months' imprisonment with credit for forty-five days spent in custody before sentencing. Imposition of an additional 120 months' imprisonment was suspended. The judgment was entered on September 6, 2013.

On May 21, 2014, appellant filed a pro se motion in the trial court in which he alleged that he was entitled to additional credit against his sentence for days held in custody. The trial court denied the motion on the ground that it was not timely filed. Appellant brings this appeal. We will reverse a trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Hayes v. State*, 2014 Ark. 104, 431 S.W.3d 882.

Appellant argues on appeal that his request for jail-time credit cannot be considered to be untimely filed because the failure to accord him full credit for the days he served in pretrial detention rendered the judgment illegal. Appellant's claim is unavailing. An illegal sentence is one that is illegal on its face. *Delph v. State*, 300 Ark. 492, 780 S.W.2d 527 (1989). A sentence is illegal on its face when it exceeds the statutory maximum for the offense of which the defendant

SLIP OPINION

was convicted. *Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam). Appellant does not contend that his sentence was outside the range for the offenses of which he was convicted.

This court has specifically held that a request for credit against a sentence for time spent in custody is a request for modification of a sentence imposed in an illegal manner. *Holloway*, 2010 Ark. 42, at 1; *Cooley*, 322 Ark. at 351, 909 S.W.2d at 313 (citing *Delph*, 300 Ark. 492, 780 S.W.2d 527 (Defendant's motion for credit for time spent in a psychiatric hospital before trial was, at most, a motion for correction of a sentence imposed in an illegal manner.)).

A claim that a sentence was illegally imposed must be raised in a petition under Arkansas Rule of Criminal Procedure 37.1 filed in the trial court within ninety days of the date of entry of judgment if the conviction was obtained on a plea of guilty as provided by Rule 37.2(c). *See Reed v. State*, 317 Ark. 286, 878 S.W.2d 376 (1994) (per curiam) (Rule 37 superseded the time limits imposed in Arkansas Code Annotated section 16-90-111(a)(b)(1) for correction or reduction of a sentence imposed in an illegal manner.). Regardless of the label placed on a pleading by the petitioner, a pleading that mounts a collateral attack on a judgment seeking to correct a sentence imposed in an illegal manner is governed by the time provisions of the Rule. *See Green v. State*, 2014 Ark. 115 (per curiam).

The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if they are not met, the trial court lacks jurisdiction to grant postconviction relief. *Parker v. State*, 2014 Ark. 542, ___ S.W.3d ___ (per curiam); *Talley v. State*, 2012 Ark. 314 (per curiam). The motion filed by appellant was not timely filed because appellant filed it more than eight months after the judgment had been entered of record in 2013; therefore, the trial court had no jurisdiction to

2

SLIP OPINION

grant the relief sought. When the lower court lacks jurisdiction, the appellate court also lacks jurisdiction. *Ussery v. State*, 2014 Ark. 186 (per curiam). Accordingly, the appeal is dismissed.

Appeal dismissed.

*Omar Perez*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.