SLIP OPINION

Cite as 2016 Ark. 216

# SUPREME COURT OF ARKANSAS.

No. CR–15–1009

| | |
|---|---|
| JAMES EDWARD GREEN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** May 19, 2016<br><br>PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT<br>[NOS. 22CR-02-213, 22CR-08-3, 22CR-08-4]<br><br>HONORABLE RANDY WRIGHT, JUDGE<br><br><u>AFFIRMED</u>. |

**PER CURIAM**

In this case, appellant James Edward Green appeals from the circuit court's denial of his petition for declaratory relief. In 2008, Green entered guilty pleas to the charges of first-degree terroristic threatening, second-degree sexual assault, and having violated the terms of a suspended imposition of sentence on an additional count of first-degree terroristic threatening,[1] for which he received an aggregate sentence of thirty-six months' imprisonment. Subsequent to his release from imprisonment, Green was found guilty after a jury trial on December 1, 2011, of failure to comply with registration and reporting requirements applicable to sex offenders and with residing within 2000 feet of a daycare facility as a level 4 sex offender in violation of Arkansas Code Annotated sections 12-12-

---

[1]The revocation of the suspended imposition of sentence is related to case number 22CR-02-213. Green makes no specific claims regarding this case number in his petition for declaratory judgment.

SLIP OPINION

904 (Repl. 2009) and 5-14-128 (Supp. 2008), and the Arkansas Court of Appeals affirmed. *Green v. State*, 2013 Ark. App. 63.

On October 8, 2015, Green filed a petition for declaratory judgment and injunctive relief in the Drew County Circuit Court, alleging various constitutional violations, primarily regarding the terms of his plea and sex-offender status in his 2008 cases. The trial court denied relief, finding that Green's petition sought postconviction relief and was not timely filed. Now before us is Green's appeal from that denial.

Green admits on appeal that he does not enumerate all of his grounds raised below and has only "re-emphasize[d] some of his strongest arguments." Therefore, issues raised in the petition below, but not raised in this appeal, are considered abandoned. *Moten v. Kelley*, 2016 Ark. 80, at 2 (per curiam).

On appeal, Green argues that the trial court erred in his 2008 case by "summarily denying relief based on its own misguided perception(s) that this 'declaratory judgment' falls under a petition for post[ ]conviction relief pursuant to the Rules of Arkansas Criminal Procedure" because the petition is civil in nature and subject to considerations of "due process" and "equal protection." In support of the claim for declaratory relief, Green contends that he was labeled a sexually violent predator in violation of the doctrine of separation of powers because there was no judicial determination of his sex-offender status pursuant to Arkansas Code Annotated section 12-12-918 (Repl. 2009). Green further contends that to label him as a violent sexual predator resulted in the dissemination of false information. According to Green, the court did not fully consider his mental disease—even though the issue of his sanity had been resolved prior to the entry of his guilty plea—nor



was it considered in assessing whether he was subject to the sex-offender registration requirements; and the trial court abdicated its duty to keep him informed when it failed to make Green aware of the requirement to wear an electronic monitoring device and other conditions of his release. After requesting that this matter be remanded for a hearing to determine whether he is a sexually violent predator, Green makes a generic claim based on "separation of powers" and the contractual nature of a plea agreement, stating he is entitled to predictability and stability and that African-American males "are more likely than not to be labeled as a "s[exually] [v]iolent [p]redator."

Although the petition was couched in terms of extraordinary relief, the circuit court found that Green actually sought postconviction relief from his convictions because his claims were a collateral attack on the judgments of conviction. Such actions are governed solely by Rule 37.1 of the Arkansas Rules of Criminal Procedure, which states in pertinent part that "a petitioner who is in custody under sentence of a circuit court claiming a right . . . to have his sentence modified" or claims that his sentence is otherwise subject to "collateral attack" may file a Rule 37.1 petition "praying that the sentence be vacated or modified." Ark. R. Crim. P. 37.1(a)(i),(iv) (2011). Thus, Rule 37.1 governs any action that collaterally attacks a sentence. Moreover, Rule 37.2 mandates that "all grounds for postconviction relief from a sentence imposed by a circuit court must be raised in a petition under this rule." Ark. R. Crim. P. 37.2(b) (2011). Likewise, this court has made clear that regardless of its label, a pleading that mounts a collateral attack on a judgment is governed by the provisions of our postconviction rule. *See Bailey v. State*, 312 Ark. 180, 182, 848 S.W.2d 391, 392 (1993) (per curiam) (motion for declaratory relief constituted a collateral

attack on a judgment and sentence and was therefore governed by Rule 37); *see also Nickels v. State*, 2016 Ark. 11 (per curiam).

Green has alleged various errors with his plea, including claims of mental disease and defect, constitutional violations connected with the designation and effect of his sex-offender status and the notification requirements and electronic-monitoring conditions, as well as a claim that he is actually innocent. The circuit court correctly concluded that it could not consider his request for declaratory judgment, as it was a claim for postconviction relief and was untimely under Rule 37. *See Jones v. Ark. Dep't of Corr. Sex Offender Screening & Assessment Comm.*, 2014 Ark. 135, at 1-2 (per curiam). Under Rule 37.2 of the Arkansas Rules of Criminal Procedure, Green was required to file his Rule 37.1 petition within ninety days of the date of entry of judgment. In this case, 1397 days passed between the entry of judgment and Green's instant petition, and accordingly, the circuit court properly concluded that the petition was untimely.

Affirmed.

*James E. Green, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.