SLIP OPINION

# SUPREME COURT OF ARKANSAS.
**No.** CR–16–263

| | |
|---|---|
| JAMES C. CASON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** November 10, 2016<br><br>PRO SE APPEAL FROM THE<br>MILLER COUNTY CIRCUIT COURT;<br>MOTION TO EXPEDITE<br>[NO. 46CR-91-59]<br><br>HONORABLE KIRK JOHNSON,<br>JUDGE<br><br><br>REVERSED AND REMANDED;<br>MOTION TO EXPEDITE DENIED. |

## PER CURIAM

On April 4, 1991, appellant James C. Cason pleaded guilty to aggravated robbery; burglary; felon in possession of firearm; theft of property; manufacture, delivery, or possession of a controlled substance; and fraud/drug paraphernalia for which he was sentenced to an aggregate term of fifty years' imprisonment. On November 10, 2015, Cason filed a motion to correct time spent in custody pursuant to Arkansas Code Annotated section 5-4-404 (Repl. 2013), claiming entitlement to credit for ninety days of pretrial detention. On December 1, 2015, the trial court denied the motion, finding that his request for jail-time credit against his sentence was a request for modification of a sentence imposed in an illegal manner; as such, Cason had failed to timely seek postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (1995). Cason now appeals the denial of relief. Cason has also filed a motion to expedite the appeal. We reverse and remand and deny the motion to expedite.

SLIP OPINION

In his motion to expedite, Cason only claims that every day spent incarcerated exceeds the amount of time he should be required to serve. He has failed to state claims in his motion to expedite, which was filed after the case had been fully briefed, that would sufficiently demonstrate an unreasonable delay in the progress of his appeal or establish good cause for the motion to be heard by this court before other postconviction matters that are pending. *See Hill v. State*, 2014 Ark. 57 (per curiam). Cason's motion to expedite is denied.

On appeal, as he did below, Cason contends that he is entitled to credit for time in custody that resulted in a sentence of imprisonment, citing Arkansas Code Annotated section 5-4-404. He notes that the circuit court found that his petition sought a modification of a sentence imposed in an illegal manner and denied him relief pursuant to Rule 37. Additionally, the circuit court discussed a "true clerical error," which could be corrected nunc pro tunc to make "the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." Cason argues that, although the circuit court stated that the circuit court's docket did not reflect that jail-time credit was to be granted, the docket sheet did reflect a credit of ninety days at the time of the plea. Cason contends the record clearly speaks that he was to be given credit for ninety days in the county jail.

The State counters that Cason's assertion of ninety days' credit is incorrect and that the period from January 11, 1991, to April 4, 1991, is only eighty-four days. Nevertheless, Cason's request for jail-time credit is nothing more than a request for modification of a sentence imposed in an illegal manner—a claim that should have been raised pursuant to Rule 37.1, and Cason's attempt to raise the claim after twenty-four years was untimely. Although the State admits the docket reflects the ninety days' credit, it contends there is no

SLIP OPINION

need to address the issue of correcting the order nunc pro tunc because the "fact is irrelevant in light of the trial court's lack of jurisdiction."

We agree with the circuit court that it could not modify the sentence pursuant to Arkansas Code Annotated section 5-4-404 because Cason's request was untimely. Arkansas Code Annotated section 5-4-404 states that if a defendant is "held in custody for conduct that results in a sentence to imprisonment or confinement the court shall credit the time spent in custody against the sentence." Cason's request for jail-time credit—credit that he contends is missing from the face of the judgment-and-commitment order—is a challenge that his sentence is illegal or imposed in an illegal manner. A void or illegal sentence is one that is illegal on its face. *Barber v. State*, 2016 Ark. 54, at 10, 482 S.W.3d 314, 322 (per curiam). A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Id*. If a sentence is within the limits set by statute, it is legal. *Id*. Cason does not dispute that his sentence does not exceed the statutory maximum. *See Delph v. State*, 300 Ark. 492, 780 S.W.2d 527 (1989).

Notwithstanding Cason's claims regarding his entitlement to ninety days of jail-time credit, this court has previously held that a request for jail-time credit is a request for modification of a sentence imposed in an illegal manner. *Cooley v. State*, 322 Ark. 348, 350, 909 S.W.2d 312, 313 (1995). A claim that a sentence was imposed in an illegal manner must be raised in a petition filed with the circuit court under Rule 37.l. *Id*.; *see also Perez v. State*, 2015 Ark. 120 (per curiam). Likewise, this court has made clear that, regardless of its label, a pleading that mounts a collateral attack on a judgment is governed by the

provisions of our postconviction rule. *Green v. State*, 2016 Ark. 216, 492 S.W.3d 75 (per curiam).

Cason pleaded guilty on April 4, 1991, and filed his motion to correct time spent in custody on November 10, 2015. Under Arkansas Code Annotated section 5-4-404, a petition claiming relief under this rule must be filed in the appropriate court within ninety days of the date of entry of judgment on a plea of guilty, or, if the judgment was not entered of record within ten days of the date sentence was pronounced, a petition must be filed within ninety days of the date sentence was pronounced.[1] *See* Ark. R. Crim. P. 37.2(c) (1991). Clearly, seeking Rule 37.1 relief more than twenty-four years after sentence was pronounced is untimely. *Cf. Cooley*, 322 Ark. 348, 909 S.W.2d 312 (Cooley raised a section 5-4-404 claim on direct appeal, meaning he was not without a remedy because he could seek postconviction relief after his appeal.). Therefore, Cason is not entitled to relief under section 5-4-404.

Nevertheless, we reverse and remand the case for the trial court to determine whether Cason is entitled to relief pursuant to Arkansas Rule of Civil Procedure 60(b), which permits correction of an error by nunc pro tunc order. Pursuant to Rule 60(b), a trial court may at any time correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. A true clerical error is "essentially one that arises not from an exercise of the court's judicial discretion but

---

[1]Although the judgment bears no file-mark, the docket sheet in the record indicates that the judgment was filed on April 22, 1991, which was more than ten days after sentence was pronounced on April 4, 1991, meaning the ninety days would have begun April 4, 1991.

from a mistake on the part of its officers (or perhaps someone else)." *Francis v. Protective Life Ins. Co.*, 371 Ark. 285, 293, 265 S.W.3d 117, 123 (2007) (citing *Luckes v. Luckes*, 262 Ark. 770, 772, 561 S.W.2d 300, 302 (1978)). Rule 60(b) has been applied in criminal cases "where we recognized a court's power to correct a judgment *nunc pro tunc* to make it speak to the truth." *Bates v. State*, 2009 Ark. 226 (per curiam).

A circuit court's power to correct mistakes or errors is to make "the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." *Lord v. Mazzanti*, 339 Ark. 25, 29, 2 S.W.3d 76, 79 (1999). A nunc pro tunc order may be entered to correct a misprision of the clerk, but the circuit court cannot change an earlier record to correct something that should have been done but was not. *Griggs v. Cook*, 315 Ark. 74, 78, 864 S.W.2d 832, 834 (1993) (citing *Bradley v. French*, 300 Ark. 64, 776 S.W.2d 355 (1989)). A circuit court may correct a mere clerical error in a judgment at any time; however, a motion to correct a judgment that is based on a substantive claim falls within the purview of Rule 37.1, not Rule 60. *See Samples v. State*, 2012 Ark. 146, at 2 (per curiam) (Appellant's motion did not assert a mere clerical error, but instead asserted that the date reflected in the judgment did not conform with the plea agreement which was a substantive claim.); *Grissom v. State*, 2009 Ark. 557, at 2–3 (per curiam) (An amended judgment entered nunc pro tunc to correct a clerical oversight because the judgment did not reflect that the appellant was sentenced as a habitual offender was a proper use of nunc pro tunc order.); *McCuen v. State*, 338 Ark. 631, 634–35, 999 S.W.2d 682, 684 (1999) (When the trial judge in open court sentenced McCuen to seventeen years in prison and a $30,000 fine but the fine was left off the judgment and later added by nunc pro tunc order,

it was determined that the omission of the fine in the judgment is "precisely the kind of clerical error meant to be corrected by a judgment entered *nunc pro tunc*."). Essentially, a "*nunc pro tunc* device cannot be used to enter an order in a case when the trial court has already lost the authority to act." *Griggs*, 315 Ark. at 78, 864 S.W.2d at 834.

The issue becomes complicated when both of the principles of Rule 37.1 of the Arkansas Rules of Criminal Procedure and Rule 60(b) of the Arkansas Rules of Civil Procedure appear to be applicable. The case law is seemingly clear that a request for jail-time credit is a request for a modification of a sentence imposed in an illegal manner. *Cooley*, 322 Ark. at 350, 909 S.W.2d at 313 (citing *Delph v. State*, 300 Ark. 492, 780 S.W.2d 527 (1989)); *see also Perez*, 2015 Ark. 120 (A request for jail-time credit is a claim that a sentence was illegally imposed and must be raised in a petition under Rule 37.1.); *Bumgardner v. Hobbs*, 2014 Ark. 78 (per curiam) (A claim that the trial court did not allow jail-time credit for eight days, when the judgment reflected credit for sixteen days, is a request for modification of a sentence imposed in an illegal manner and must be raised in a proceeding pursuant to Rule 37.1.); *Richie v. State*, 2009 Ark. 609, 357 S.W.3d 909 (The circuit court did not impose an illegal sentence, but rather failed to give jail-time credit under section 5-4-304; however, a request for jail-time credit is a request for modification of a sentence that has been imposed in an illegal manner, and Richie could raise his claim in a Rule 37 petition).

In *Delph*, 300 Ark. at 492–93, 780 S.W.2d at 528, Delph claimed that, pursuant to Arkansas Code Annotated section 5-4-404, he was entitled to an additional 376 days of jail-time credit for time he spent in the Arkansas State Hospital. The trial court found that

Delph had agreed at the time of his plea that he was entitled to only 75 days of jail-time credit, that he had waived any entitlement to further credit, and that the trial court lost jurisdiction after 120 days under Arkansas Code Annotated section 16-90-111 (Supp. 1989) to credit any additional jail-time credit. *Id.* This court agreed that the trial court properly denied the motion on the basis of section 16-90-111. *Id.*

Unlike the circumstances in *Delph*, Cason did not make a request for "additional" jail-time credit and did not challenge any previously agreed-upon terms in his plea agreement. In fact, the circumstances here are much more akin to *Cooley*, 322 Ark. at 349–50, 909 S.W.2d at 313, where the judgment did not reflect the jail-time credit for one year and three days due to a clerical mistake. However, in *Cooley*, the issue could not be addressed on appeal because Cooley had not raised it with the trial court, and issues raised for the first time on appeal are not considered by this court. *Id.* at 350, 909 S.W.2d at 313. Thus, unlike the circumstances presented by Cason, in *Cooley*, the question of jail-time credit was not raised or addressed under Rule 60(b) as a scrivener's or omission error, and the appeal was dismissed because Cooley could not seek his relief pursuant to Rule 37. *Id.* at 351, 909 S.W.2d at 314.

The facts of Cason's case are distinguishable from other cases on this matter. Cason does not appear to collaterally or even substantially attack his judgment, i.e., he does seek "additional" jail-time credit, nor does he appear to dispute the terms of his plea or the amount of his jail-time credit. *See Perez*, 2015 Ark. 120, at 2 (Perez was originally granted credit for forty-five days of jail time and made a request for an entitlement to additional credit, which was denied as a postconviction motion, and no alternative motion was

contemplated by the trial court.); *Samples*, 2012 Ark. 146. Moreover, the trial court considered Cason's request for jail-time credit not only pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure but also under the alternative ground raised pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure.

While this court ordinarily would hold that a request for jail-time credit is a request for modification of a sentence, under these unique circumstances and under the specific request made here pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure, Cason has established that there is evidence of a scrivener's or omission error on his judgment. More specifically, he is not requesting a modification of his judgment per se, but merely requesting that his judgment reflect the jail-time credit that he evinces was granted to him at the time of his sentencing and had been omitted from his judgment-and-commitment order. *Cf. Holloway v. State*, 2010 Ark. 42 (per curiam) (Holloway's request for jail-time credit seven years after the judgment had been entered was upheld as an untimely request for Rule 37 relief but no Rule 60(b) claim was raised.). The trial court concluded that the "requirements for a nunc pro tunc order are not met by the Defendant" and denied the motion for jail-time credit. It found that a request for a nunc pro tunc order was not appropriate because "there is no proof that jail credit was granted to the Defendant at the time of his plea. The docket sheet of Judge Purifoy when the plea was entered is silent as to the issue of jail credit." However, the docket sheet appears to have notations indicating Cason was awarded jail-time credit at the time of his plea. Therefore, we reverse its finding that there was no proof of jail credit. We remand the issue to the trial court to examine whether the jail-time credit noted on Judge Purifoy's docket sheet when the plea was

SLIP OPINION

entered was sufficient proof to entitle Cason to relief pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure. If the failure to include the jail-time credit in the order was an oversight or a mistake, it is precisely the kind of clerical error meant to be corrected by a judgment entered nunc pro tunc.

Reversed and remanded; motion to expedite denied.

*James C. Cason*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee