Cite as 2019 Ark. App. 536

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CR-19-190

| | |
|---|---|
| | **Opinion Delivered:** November 13, 2019 |
| DILLON WEATHERFORD | |
| | APPEAL FROM THE FAULKNER |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NOS. 23CR-12-765, 23CR-13-685, |
| V. | 23CR-16-701 & 23CR-17-502] |
| | |
| | HONORABLE H.G. FOSTER, JUDGE |
| STATE OF ARKANSAS | |
| | |
| APPELLEE | APPEAL DISMISSED |

## MEREDITH B. SWITZER, Judge

On November 13, 2018, the Faulkner County Circuit Court held a hearing on the State's petitions to revoke Dillon Weatherford's probation in four underlying cases. The court granted the petitions and sentenced Dillon to the following terms in the Arkansas Department of Correction: (1) 240 months in case No. 23CR-12-765 (first-degree domestic battery); (2) 120 months in case No. 23CR-13-865 (failure to appear); (3) 72 months in case No. 23CR-16-701 (third-degree domestic battery); and (4) 60 months in case No. 23CR-17-502 (third-degree domestic battery). He was given no credit for the time he spent in jail awaiting sentencing. For his sole point on appeal, Dillon contends that the circuit court lacked subject-matter jurisdiction to sentence him to terms greater than those provided by statute, which resulted from the court's failure to give him credit for time served. Dillon's arguments were not properly preserved for appellate review, and we therefore dismiss the appeal.

Dillon characterizes his point on appeal as one involving an illegal sentence, which is a question of subject-matter jurisdiction and can be raised for the first time on appeal. There is a difference, however, between an illegal sentence and a sentence imposed in an illegal manner. As our supreme court explained in *Cooley v. State*, 322 Ark. 348, 350–51, 909 S.W.2d 312, 313 (1995):

> First, an illegal sentence is one that is illegal on its face. When the sentence given is within the maximum prescribed by law, as was appellant's sentence, it is not illegal on its face. Second, regardless of whether appellant had an opportunity to review the judgment before it was filed, he certainly had an opportunity to review it after it was filed and seek correction of the judgment below pursuant to A.R.Cr.P. Rule 37 since no appeal was pending.
>
> . . . .
>
> This court has previously decided that *a request for jail time credit is a request for modification of a sentence imposed in an illegal manner. A claim that a sentence was imposed in an illegal manner must be raised in a petition filed with the circuit court under Rule 37. No such petition was filed in this case.*
>
> Because modification of the sentence is the only issue raised on appeal, and because both parties agree as to the correction of the sentence, we are somewhat inclined to modify the judgment and affirm as modified. However, neither *Abbott* nor *Walters* considered Rule 37 and its application or effect. *Rule 37 requires that the merits of the modification of the sentence be determined by the circuit court. Therefore, we feel constrained to dismiss the appeal rather than modify the judgment.*

(Emphasis added & citations omitted.)

Here, Dillon characterizes his sentence as illegal because the circuit court's failure to award jail-time credit will require him to serve more than the maximum amount of time designated in the statutes for his offenses. However, Dillon's sentence is not illegal on its face because the sentence is within the maximum prescribed by law.[1] It is, therefore, not

---

[1]First-degree domestic battery is a Class B felony, and the sentencing range is five to twenty years. Ark. Code Ann. §§ 5-26-303(b)(1) & 5-4-401(a)(3) (Repl. 2013). Dillon

an illegal sentence.  Rather, as explained in *Cooley, supra*, Dillon's complaint is that his sentence was imposed in an illegal manner.  He is actually seeking to modify his sentence to account for jail-time credit. [2]

If a request for jail-time credit is raised in circuit court as part of the original proceedings or in a post-judgment motion, direct-appeal review is permitted.  *See Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645.  If a request for jail-time credit was not raised in the original proceeding, then a claim that the sentence was imposed in an illegal manner must be raised in a Rule 37 petition and filed with the circuit court.  *Cooley, supra*.

Here, Dillon did not request jail-time credit below—either directly or in a Rule 37 petition.  His claim is therefore not properly preserved and cannot be raised for the first time on appeal.  *Id*.

Appeal dismissed.

HARRISON and KLAPPENBACH, JJ., agree.

*Kezhaya Law PLC*, by: *Matthew A. Kezhaya*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

was sentenced to twenty years.  Third-degree domestic battery (subsequent offense) is a class D felony, and the sentencing range cannot exceed six years.  Ark. Code Ann. §§ 5-26-305(b)(2) & 5-4-401(a)(5) (Repl. 2013).  Dillon pled guilty to two separate offenses.  He was sentenced to five years in one of the cases and six years in the other.  Failure to appear is a Class C felony, and the sentencing range is three to ten years.  Ark. Code Ann. §§ 5-54-120(c)(1) & 5-4-401(a)(4) (Repl. 2013).  Dillon was sentenced to ten years.

Dillon's sentences were ordered to run consecutively, for a total of forty-one years.  Upon revocation, the circuit court may impose any sentence that could have been imposed for the original conviction, Arkansas Code Annotated § 16-93-308(g)(1)(A) (Repl. 2016), and the sentencing court has the discretion to impose consecutive sentences for separate offenses, Arkansas Code Annotated § 5-4-403(a) (Repl. 2013).

[2]Ark. Code Ann. § 5-4-404 (Repl. 2013).

3