Cite as 2020 Ark. 181

# SUPREME COURT OF ARKANSAS

**No.** CR-19-886

| | |
|---|---|
| JEREMY LYNN BARNETT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** May 7, 2020<br><br>PRO SE APPEAL FROM THE DESHA COUNTY CIRCUIT COURT<br>[NO. 21ACR-16-88]<br><br>HONORABLE SAM POPE, JUDGE<br><br><u>AFFIRMED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Jeremy Lynn Barnett appeals from the denial of his "motion for credit for time spent in custody pursuant to Rule 60(b)." Barnett alleged entitlement to 312 days of jail-time credit and contended that the circuit court should enter a new sentencing order nunc pro tunc that reflects the correct amount of jail-time credit. The circuit court denied the motion and found that Barnett was not entitled to additional jail-time credit because Barnett was not in custody while awaiting trial but was serving time in the Arkansas Department of Correction on a parole revocation connected with a previous criminal conviction. We affirm.

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after

reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

A circuit court has the power to correct clerical errors nunc pro tunc so that the record speaks the truth. *Lewis v. State*, 2017 Ark. 211, 521 S.W.3d 466. Pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure, a circuit court may at any time correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. *Id.* A circuit court's power to correct mistakes or errors is to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken. *State v. Rowe*, 374 Ark. 19, 285 S.W.3d 614 (2008).

In October 2016, Barnett was charged with second-degree escape and was convicted and sentenced pursuant to a guilty plea on August 22, 2017. The sentencing order reflects that Barnett was sentenced to an aggregate term of 216 months' imprisonment with jail-time credit of 130 days. Barnett insists that the 130-day jail-time credit reflected on the face of the sentencing order is a clerical error that is subject to the provisions of Rule 60(b)(2017) of the Arkansas Rules of Civil Procedure. However, the record before this court included the sentence recommendation presented by the prosecutor in connection with Barnett's plea agreement, which shows that the recommended sentence included 130 days of jail-time credit.

On appeal, Barnett relies on our holding in *Cason v. State*, 2016 Ark. 387, 502 S.W.3d 510, as a basis for his claim of entitlement to the entry of a nunc pro tunc order in

accordance with the provisions of Rule 60(b). However, the facts presented in Barnett's case are distinguishable. In *Cason*, there was evidence that the circuit court had awarded jail-time credit at the time of Cason's guilty plea, but the award was not reflected in the judgment. *Id.* Here, the record indicates that Barnett was awarded 130 days of jail-time credit as part of his plea agreement and that the jail-time credit was correctly reflected on the face of the sentencing order. There is no evidence outside Barnett's bare allegations that the circuit court intended to award 312 days of jail-time credit. In sum, Barnett is seeking to modify his sentence that he has alleged was imposed in an illegal manner. A claim that a sentence was imposed in an illegal manner must be raised in a petition filed with the circuit court under Rule 37.1 of the Arkansas Rules of Criminal Procedure. *Cooley v. State*, 322 Ark. 348, 909 S.W.2d 312 (1995). Claims raised pursuant to Rule 37.1 must be filed within the ninety-day time limitation set forth in Rule 37.2(c) with respect to convictions arising from guilty pleas. Because Barnett's motion was filed in October 2019, it was untimely. This court will affirm the court's decision when it reached the right result, even if it did so for the wrong reason. *Gipson v. State*, 2019 Ark. 310, 586 S.W.3d 603. The circuit court's denial of Barnett's motion was not clearly erroneous because Barnett failed to demonstrate a clerical error subject to correction. His substantive argument concerning the calculation of his jail-time credit is in essence an effort to modify his sentence as one that was imposed in an illegal manner and was therefore untimely.

Affirmed.

*Jeremy Lynn Barnett*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.