Cite as 2021 Ark. App. 140

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–20–39

| | |
|---|---|
| TIMOTHY RAMON MOORE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** March 31, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CR-02-1144]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Appellant Timothy Moore appeals from the Pulaski County Circuit Court's denial of his motion to clarify his jail-time credit from convictions entered in 2002. Because appellant's motion was not timely filed, the circuit court had no jurisdiction to grant the relief sought. We affirm the court's denial of appellant's motion.

On June 25, 2002, a jury convicted appellant of breaking or entering in case number 60CR-02-121 for which he was sentenced to 180 months' imprisonment. He received 210 days of jail-time credit. This court affirmed his conviction and issued the mandate on November 12, 2003. On October 3, 2002, appellant was convicted of kidnapping, aggravated robbery, and theft of property in case number 60CR-02-1144. He was sentenced to consecutive terms of imprisonment of 180 months, 180 months, and 60 months, respectively, and received 227 days of jail-time credit. The credit was not designated next

to any of the separate offenses or sentences but was set forth as "Jail time credit: 227 days" on the order directly underneath "Total time to serve on all offenses listed above: 420 months." The circuit court ordered the sentences to run consecutively to his sentence in case number 60CR-02-121. We affirmed these convictions on appeal and issued the mandate on February 18, 2004.

On June 7, 2019, appellant filed a "Motion for Credit for Time Spent in Custody and Clarification of Judgment and Commitment Order." He alleges in the motion that the criminal docket for case number 60CR-02-1144 "verifies" that he was to receive 227 days of jail-time credit for each of the three sentences in that case—kidnapping, aggravated robbery, and theft of property—and that the Arkansas Department of Correction (ADC) "mistakenly overlooked" this and awarded jail-time credit for kidnapping only. He asked the court to clarify and amend the judgment and commitment order "nunc pro tunc" to reflect 227 days of jail-time credit next to each of the three offenses.

The court held a hearing on August 30 at which appellant orally amended his motion contending that the ADC had incorrectly calculated the parole-eligibility date for his 180-month sentence in case number 60CR-02-121 and, as a result, had incorrectly calculated the start date for his confinement in the consecutive sentences in case number 60CR-02-1144. The court entered an order on October 17, 2019, denying appellant's motion based on "the pleadings, information from the Arkansas Department of Correction this court finds controlling (attached), and all other matters properly before the court." Attached to the order was an administrative directive from the director's office of the Arkansas Department of Correction regarding sentence computation dated November 22, 2013. Appellant filed

2

a motion for reconsideration, arguing that the circuit court failed to rule on his motion for clarification of the judgment and commitment order, which the court denied.

On appeal, citing Arkansas Code Annotated section 5-4-404 (Supp. 2019), appellant contends that he is entitled to the 227 days of jail-time credit for each of the consecutive sentences he received in case number 60CR-02-1144. Arkansas Code Annotated section 5-4-404 states that if a defendant is "held in custody for conduct that results in a sentence to imprisonment or confinement the court shall credit the time spent in custody against the sentence." He also contends that in addition to the misapplication of the jail-time credit, the ADC miscalculated the time he was to serve in case number 60CR-02-121 and that the parole-eligibility date was therefore incorrect.

We turn first to appellant's contention regarding jail-time credit. The supreme court has held that a request for credit against a sentence for time spent in custody is a request for modification of a sentence imposed in an illegal manner and must be raised in a petition under Arkansas Rule of Criminal Procedure 37.1. *Perez v. State*, 2015 Ark. 120, at 2. Regardless of the label, a pleading that mounts a collateral attack on a judgment is governed by the provisions of our postconviction rule. *Green v. State*, 2016 Ark. 216, 492 S.W.3d 75. To be timely under Rule 37.2(c)(ii), appellant's petition must have been filed within sixty days of the date our mandate was issued after the appeal of his convictions. Appellant's petition seeking relief more than fifteen years after our mandate was issued in these cases is untimely. The time limits imposed under Rule 37.2(c) are jurisdictional in nature, and if they are not met, the circuit court lacks jurisdiction to grant postconviction relief. *Perez*, 2015 Ark. 120, at 2.

3

We note that appellant's petition requested relief "nunc pro tunc." Our supreme court reversed and remanded a circuit court's denial of a request for more jail-time credit in *Cason v. State*, 2016 Ark. 387, 502 S.W.3d 510. The court held that the appellant in that case might have been entitled to relief under Rule 60(b) of the Arkansas Rules of Civil Procedure, which had been raised and ruled on in the circuit court. In *Cason*, the court determined there was evidence of a scrivener's error where the docket sheet "appear[ed] to have notations indicating Cason was awarded jail-time credit at the time of his plea" although jail-time credit was not reflected later in either the docket sheet or the order. The court reversed and remanded to the circuit court to review the matter.

Here, appellant did not cite Rule 60(b) in his petition or indicate there was a specific clerical error that should be corrected. Rather, appellant's petition asked the court to amend the order "nunc pro tunc" and credit him with 227 days of jail time for each of the individual sentences in case number 60CR-02-1144 because the sentences were to be served consecutively and not concurrently. The court did not specifically rule on the issue.

On appeal, appellant points to no clerical error warranting this relief. The docket sheet and the order in this case both state appellant was credited with 227 days. Whatever the merits of appellant's argument that this credit should be tripled to apply to each of his three consecutive sentences—and we note he cited no authority to support this argument in his petition, and he cites none here—the record does not indicate that a clerical error was made. The docket sheet and the order are consistent. The docket sheet provides specifically: "SENTENCE CT1 – 15 YRS ADC CT2 – 15 YRS ADC CT3 – 5 YRS ADC CONS TO EACH OTHER AND TIME NOW SERVING IN ADC 227 DYS PCJ CR." The

4

order provides, "Jail time credit: <u>227</u> days" directly underneath "Total time to serve on all offenses listed above:  <u>420</u> months." A clerical error that may be corrected nunc pro tunc is one that makes "the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." Since the circuit court did not rule on this issue and no clerical error has been shown, we affirm on this point.

Finally, we turn to appellant's contention that the ADC miscalculated the time he was to serve in case number 60CR-02-121 and that the parole-eligibility date was therefore incorrect. Again, we have no jurisdiction. Appellant's terms of imprisonment have long since been placed into execution; he has been incarcerated in the ADC for almost twenty years. Absent a statute, rule, or available writ, the circuit court lacks jurisdiction to modify, amend, or revise a valid sentence once it is placed into execution. *Johnson v. State*, 2012 Ark. 212, at 4–5. Moreover, regarding this claim, appellant is not asking the court to amend his sentence but is challenging the ADC's calculation of his parole eligibility and its application of the parole-eligibility rules to his sentence.  The judiciary has no jurisdiction over how parole eligibility is determined or the conditions to be placed on it once the sentence is placed into execution. *Id*. at 5. Although appellant cites *Hobbs v. Baird*, 2011 Ark. 261, in his reply brief in support of his argument that a challenge to the ADC's interpretation and application of parole-eligibility statutes may support an action for declaratory judgment, we do not find that case relevant here. This is not an action against the ADC.

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Barnett v. State*, 2020 Ark. 181, 598 S.W.3d 835. We hold that the circuit court did not clearly err, and we affirm.

Affirmed.

KLAPPENBACH and MURPHY, JJ., agree.

*Timothy Ramon Moore*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.