Cite as 2024 Ark. App. 153

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-23-208

| | | |
|---|---|---|
| SUNIL KUMAR | | Opinion Delivered February 28, 2024 |
| | APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-16-379] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE WREN AUTREY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED IN PART; DISMISSED IN PART |

**MIKE MURPHY, Judge**

A Miller County jury found appellant Sunil Kumar guilty of possession of cocaine (a Class B felony), possession of Xanax (a Class A misdemeanor), possession of marijuana (a Class A misdemeanor), and reckless driving (a Class B misdemeanor). He was sentenced to a total of thirty years in the Arkansas Division of Correction and given three days' jail-time credit. This is a direct appeal in which Kumar appears pro se. On appeal, he argues that the circuit court did not correctly afford him jail-time credit and that his sentence was unconstitutional. Neither argument is preserved, and we affirm in part and dismiss in part.

Only a brief procedural history is necessary. On June 25, 2018, the State and Kumar's counsel announced ready for trial; twelve jurors and an alternate were selected and seated. After a recess in chambers, the defense advised the court that Kumar had agreed to a plea

agreement. Defense counsel sought permission to plead Kumar the following day before a different judge, to allow Kumar time to raise money for fines and costs; the court granted counsel's request and allowed Kumar to remain free on bond.

Kumar did not show up the next day.

Over defense counsel's objection, the circuit court proceeded with the trial without Kumar, and the jury convicted Kumar in absentia on all charges. He was sentenced as a habitual offender, but Kumar had disappeared. He did not resurface again until 2021 when he was booked into a jail in Caddo Parish, Louisiana, on theft charges. Arkansas authorities were able to place a hold on him. However, before Kumar could be transferred to Arkansas, he had to first resolve some criminal charges in Allen County, Texas. Kumar was taken into custody in Arkansas on January 9, 2023, held without bond on a separate case, and formally sentenced in the case before us today on February 7, 2023. The sentencing order was entered February 17, and Kumar timely appealed.

On appeal, Kumar argues that the court did not correctly calculate or apply jail-time credit due and that the length of his sentence amounts to cruel and unusual punishment.

Kumar's first point regarding jail-time credit is not preserved. Nothing in the record before us today indicates that Kumar raised a jail-time-credit objection or argument to the circuit court. Jail-time credit arguments are reviewable on direct appeal, but only when the issue was raised in the original proceeding. *Weatherford v. State*, 2019 Ark. App. 536, at 3, 590 S.W.3d 172, 174. Kumar contends that because his argument concerns an illegal sentence, it may be challenged at any time.

A challenge to jail-time credit, however, is not a challenge to an illegal sentence but rather a challenge to a sentence imposed in an illegal manner. *Cooley v. State*, 322 Ark. 348, 350–51, 909 S.W.2d 312, 313 (1995). The former may be challenged any time, the latter must first be raised at the circuit court level. Kumar's sentence is not illegal on its face because it is within the maximum prescribed by law. He is not, however, completely foreclosed from relief: if a request for jail-time credit was not raised in the original proceeding, then a claim that the sentence was imposed in an illegal manner may still be raised in a Rule 37 petition. Ark. R. Crim. P. 37.2(c)(ii); *Cooley, supra*. The appeal as it relates to the jail-time credit argument is dismissed.

Kumar's second point on appeal is that his thirty-year sentence is grossly disproportionate to his cocaine-possession offense in violation of the Eighth Amendment. Kumar did not challenge the constitutionality of his sentence below, so this point, too, is unpreserved. We have consistently held that we will not consider issues raised for the first time on appeal, even constitutional ones. *See A.J.A. v. State*, 2019 Ark. App. 464, 588 S.W.3d 92. Accordingly, we decline to consider the merits. *Anderson v. State*, 2024 Ark. App. 79. The appeal as it relates to the Eighth Amendment argument is affirmed.

Affirmed in part; dismissed in part.

HARRISON, C.J., and WOOD, J., agree.

*Sunil Kumar*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.