Cite as 2025 Ark. App. 159

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-23-795

| | |
|---|---|
| ANGELO L. HARRINGTON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered March 12, 2025<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT<br>[NO. 66GCR-17-169]<br><br>HONORABLE R. GUNNER DELAY, JUDGE<br><br>DISMISSED |

**CASEY R. TUCKER, Judge**

The Circuit Court of Sebastian County denied Angelo Harrington's petition for credit for additional time served by order entered September 21, 2023. Harrington appeals, asserting that the circuit court erred in not giving him credit for 700 days spent in federal detention in Oklahoma for separate offenses. We dismiss.

On November 24, 2021, Harrington entered a negotiated plea of guilty to offenses committed on August 14, 2017, in Sebastian County, Arkansas. Those offenses were simultaneous possession of drugs and firearms; trafficking methamphetamine; possession of heroin with the purpose to deliver, greater than twenty-eight grams; conspiracy to commit delivery of methamphetamine; and possession of drug paraphernalia to pack or repack methamphetamine or cocaine. Harrington was sentenced as a habitual offender to 180

months' imprisonment to be followed by 300 months' suspended imposition of sentence. Notably, the circuit court filed the sentencing order on December 1, 2021.

Meanwhile, on March 26, 2019, Harrington committed the offenses of possession of methamphetamine with intent to distribute and unlawful use of controlled substance while in possession of firearms in Oklahoma. He was sentenced on August 16, 2021, in the United States District Court for the Northern District of Oklahoma to a 120-month term of imprisonment. The federal district court gave Harrington credit for the 719 days he had already served in federal custody.

On August 22, 2023, back in Sebastian County Circuit Court, Harrington filed a petition to receive 700 days' credit for the time spent in federal custody. The court denied Harrington's petition, and this appeal followed.

Harrington's petition for credit for time served was untimely. A request for credit for time served in custody is a request to modify a sentencing order imposed in an illegal manner. *Perez v. State*, 2015 Ark. 120 (per curiam). As such, the request must be raised in a petition filed pursuant to Arkansas Rule of Criminal Procedure 37.1. *Id.* Rule 37.2(c) of the Arkansas Rules of Criminal Procedure provides the guidelines for commencing proceedings under Rule 37.1. It states that in cases such as the one before us, in which the petitioner entered a negotiated plea of guilty, the petition must be filed within ninety days of the entry of the judgment. Ark. R. Crim. P 37.2; *Perez, supra*. The time limitations imposed in Rule 37.2 are jurisdictional in nature, and if not met, the trial court lacks jurisdiction to grant the relief sought. *Tolliver v. State*, 2016 Ark. 111, 486 S.W.3d 199; *Woods v. State*, 2017 Ark. 5 (per

2

curiam); *Perez*, supra. When the lower court loses jurisdiction, the appellate court lacks jurisdiction as well. *Perez, supra.*

In the present case, Harrington filed his petition in Sebastian County Circuit Court over a year and eight months after the court's entry of the judgment. This failure to file the petition within ninety days deprived the circuit court of jurisdiction to act. Thus, this court is without jurisdiction. Accordingly, this appeal is dismissed.

Dismissed.

HARRISON and THYER, JJ., agree.

*Angelo L. Harrington*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.