SLIP OPINION


# SUPREME COURT OF ARKANSAS

No. CV-11-632

| | |
|---|---|
| WILLIAM J. WIGLEY<br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR OF<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | **Opinion Delivered** October 3, 2013<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT, 35CV-11-110, HON. JODI<br>RAINES DENNIS, JUDGE<br><br><br>APPEAL DISMISSED. |

## PER CURIAM

While an inmate in the Tucker Unit of the Arkansas Department of Correction (ADC), located in Jefferson County, appellant William J. Wigley filed pro se petitions for declaratory judgment and writ of mandamus in the Jefferson County Circuit Court based on claims that the ADC improperly withheld his meritorious good-time credit and miscalculated his transfer-eligibility date. The circuit court entered an order denying appellant's petitions and dismissing the case with prejudice. Appellant brings this appeal.

Since appellant filed his brief on appeal, he has provided a change of address indicating that he has been released from the custody of the ADC. Thus, we take judicial notice that appellant is no longer incarcerated. As a general rule, appellate courts of this state will not review moot issues, as doing so would be to render an advisory opinion, which this court will not do. *Bank of Am., N.A. v. Brown*, 2011 Ark. 446. Generally, an issue becomes moot when any judgment rendered would have no practical effect upon a then-existing legal controversy. *Lott v. Langley*, 2013 Ark. 247; *State v. First Serv. Bank of Greenbrier*, 2013 Ark. 101. Because appellant



is no longer incarcerated, granting the relief requested would have no practical effect such that the issue on appeal is moot at this time.

Appeal dismissed.

*William J. Wigley*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela A. Rumpz*, Ass't Att'y Gen., for appellee.