
# SUPREME COURT OF ARKANSAS

No. CR–14–268

| | |
|---|---|
| RICKEY DALE NEWMAN<br>PETITIONER | **Opinion Delivered** June 26, 2014 |
| V. | PETITION FOR WRIT OF CERTIORARI<br>[NO. 17-CR-2011-109] |
| CRAWFORD COUNTY CIRCUIT COURT<br>RESPONDENT | MOTION TO DISMISS GRANTED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Petitioner Rickey Dale Newman has brought a petition for writ of certiorari seeking to quash the order entered by the Crawford County Circuit Court committing him to the custody of the Arkansas Department of Human Services. Presently before the court is Newman's motion to dismiss the petition. Because the questions raised in the petition are now moot, we grant the motion to dismiss.

In June 2002, a jury in the Crawford County Circuit Court found Newman guilty of capital murder and sentenced him to death. *See Newman v. State*, 353 Ark. 258, 106 S.W.3d 438 (2003) (*Newman I*) (affirming the judgment of conviction on direct appeal). Since then, proceedings stemming from Newman's conviction and sentence have wound their way through our state courts and the federal courts. *See Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61 (*Newman II*) (recounting procedural history of the case). In *Newman II*, this court granted Newman permission to proceed with a petition for writ of error coram

SLIP OPINION

nobis in the Crawford County Circuit Court. We determined that Newman had demonstrated probable merit in his claim that he had been incompetent to stand trial, primarily due to significant scoring errors in tests administered by Dr. Charles Mallory, who had opined before trial that Newman was fit to proceed.[1] After a hearing, the circuit court denied Newman's petition for writ of error coram nobis; however, this court overturned the circuit court's decision. *Newman v. State*, 2014 Ark. 7 (*Newman III*). In *Newman III*, we held that the circuit court had erred in finding that Newman had been competent to stand trial in June 2002. Accordingly, we reversed and remanded for new trial. Our clerk issued the mandate on February 5, 2014.

On February 28, 2014, the Crawford County Circuit Court entered an order entitled "Not–Fit–To–Proceed Commitment."[2] In this order, the circuit court noted the reversal in *Newman III* on the ground that Newman was not fit to stand trial in 2002. Citing Arkansas Code Annotated section 5-2-310 (Repl. 2013), the circuit court suspended the proceedings and "committed [Newman] to the custody of the Director of the Department of Human Services for detention, care, and treatment until restoration of fitness to proceed." The court also ordered the director to report to the circuit court, if within ten months, Newman regained fitness to proceed. If fitness was not restored within that time frame, the circuit

---

[1] In *Newman II*, we also identified possible discovery violations in contravention of *Brady v. Maryland*, 373 U.S. 83 (1963), as a basis for reinvesting jurisdiction in the circuit court.

[2] Although the order states that the circuit court was acting upon the State's motion, the record contains no motion filed by the State.

SLIP OPINION

court ordered the director to report whether Newman's mental disease or defect was of a nature that precluded restoration of fitness to proceed and whether Newman presented a danger to himself or to the person or property of others.

On March 6, 2014, Newman's counsel filed a motion for reconsideration, objecting to the circuit court's course of action. Counsel asserted that the court's order was in violation of the statutes governing the assessment of a defendant's fitness to proceed because the court ordered the commitment of Newman without first having him undergo a fitness-to-proceed examination and without making a finding that Newman was presently incompetent to stand trial. Counsel also objected to the circuit court's having based its decision on this court's opinion in *Newman III*, as that appeal involved a retrospective determination that Newman had been incompetent to stand trial back in 2002. Counsel maintained that the decision in *Newman III* could not serve as a proxy for a current evaluation of Newman's present competency. Further, counsel argued that Newman was not claiming that he was currently unfit to proceed and that, should his competency become an issue, counsel asserted that the court should not appoint a psychiatrist from the Arkansas State Hospital to conduct an examination, given the erroneous competency evaluations performed by doctors at that institution, as identified in *Newman II* and *Newman III*. The circuit court denied the motion for reconsideration by an order dated March 10, 2014.

On March 24, 2014, Newman filed the present petition for writ of certiorari to challenge the circuit court's sua sponte decision to commit him to the department of human services. We took the petition as a case with an expedited briefing schedule. Newman has

now filed a motion to dismiss the petition. In this motion, Newman asserts that he has been transferred to the Crawford County jail and that the petition is moot because he is no longer being held at the Arkansas State Hospital.

As a general rule, appellate courts of this state will not review moot issues, as doing so would be to render an advisory opinion, which this court will not do. *Wigley v. Hobbs*, 2013 Ark. 379. Generally, an issue becomes moot when any judgment rendered would have no practical effect upon a then existing legal controversy. *Lott v. Langley*, 2013 Ark. 247. Because Newman is no longer being held under commitment at the state hospital, granting the relief requested would have no practical effect such that the issues raised in the petition are moot at this time. *Wigley*, *supra*. Therefore, we grant the motion to dismiss the petition.

Motion to dismiss granted.

*Julie Brain*, for petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.

SLIP OPINION