
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–14–915

| | | |
|---|---|---|
| MICHAEL TODD | APPELLANT | **OPINION DELIVERED** JUNE 3, 2015 |
| | | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NOS. CR–2009-74 and CR–2009-75] |
| V. | | |
| | | HONORABLE DUNCAN McRAE CULPEPPER, JUDGE |
| STATE OF ARKANSAS | APPELLEE | APPEAL DISMISSED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Michael Todd appeals the revocation of his suspended imposition of sentences (SIS) by the Hempstead County Circuit Court. He does not challenge the preponderance of the evidence supporting his revocation; rather, he argues that the circuit court erred when it opted to run his sentences consecutively rather than concurrently. Appellant also contends that the circuit court erroneously sentenced him without evidence of when his suspension began, basically not knowing how much of his SIS remained on which to sentence him. Additionally, appellant argues for the first time on appeal that his original sentences were facially illegal pursuant to Arkansas Code Annotated section 5-4-301(a)(2)(A) (Supp. 2009). Because this court lacks jurisdiction to hear the appeal, pursuant to Arkansas Rule of Appellate Procedure–Criminal (2)(a) (2014), we dismiss.

On March 6, 2009, in CR–2009-74, appellant was charged with nine counts of fraudulent use of a credit card or debit card, Class C felonies, and one count of theft by

receiving (credit card or account number or firearm worth less than $2,500), a Class C felony. On March 6, 2009, in CR–2009-75, appellant was charged with breaking or entering, a Class D felony, theft of property $500 or less, a Class A misdemeanor, fraudulent use of a credit card or debit card, a Class A misdemeanor, and theft of property less than $2,500 and greater than $500, a Class C felony. On April 14, 2009, appellant entered a negotiated guilty plea to all of the charges in the above two cases.

On May 28, 2009, appellant pled no contest in case numbers CR–2009-74 and CR–2009-75, to ten counts of fraudulent use of a credit card, two counts of theft of property, and one count each of theft by receiving and breaking or entering. Running the sentences concurrently, the circuit court sentenced appellant to an aggregate term of eight years' imprisonment in the Arkansas Department of Correction (ADC), to be followed by seven years' SIS. Conditions of his suspension included that he not commit any offense punishable by imprisonment. On April 14, 2009, appellant signed the conditions-of-suspended-sentence order in each of the two cases.

On June 4, 2014, in CR–2009-74 & CR–2009-75, the State filed a petition to revoke the suspended sentences, alleging that appellant was convicted of forgery, a Class C felony, in Howard County, Arkansas, and that he had violated a condition of the suspended sentence in that he had committed a crime against the State of Arkansas.

A hearing was held on June 9, 2014, and the circuit court found that the allegations in the petition to revoke suspended sentence were true. Appellant objected to sentencing without proof of his release from the ADC, and the circuit court took the matter under advisement until June 16, 2014. On June 11, 2014, the State filed a motion to re-open record

for supplemental proof. On June 16, 2014, the circuit court granted the State's motion to reopen record for supplemental proof. The State entered a certified copy of the PEN pack, and the circuit court found that appellant had five years remaining on his suspended sentence.

After the revocation hearing, the circuit court found that appellant had violated the terms of his SIS and revoked his suspensions. Based upon that finding, appellant was sentenced, in CR-2009-74, to ten sixty-month sentences to run consecutive to each other and consecutive with the Howard County case and the other Hempstead County cases. In CR-2009-75, the circuit court sentenced appellant to two sixty-month sentences to run consecutive to each other and consecutive with CR-2009-74 and consecutive with the Howard County case and the other Hempstead County cases for a total, in both cases, of sixty years in the ADC. Sentencing orders were filed on June 26, 2014, and amended sentencing orders were filed on July 8, 2014.

Appellant filed a notice of appeal on July 22, 2014, which would have been timely filed as to both the original and amended sentencing orders, but it does not specifically refer to either. In the heading of the notice of appeal, appellant does list both case numbers, CR-2009–74 and CR-2009-75, but in the body, he states only:

> The defendant, Michael Todd, hereby gives notice to all interested parties that he intends to appeal the conviction of the jury. The defendant requests that all documents in his court file and the entire transcript be designated as the record in this matter.

Arkansas Rule of Appellate Procedure–Criminal 2(a) (2014) provides in part:

> the person desiring to appeal the judgment or order or both shall file with the clerk of the circuit court a notice of appeal identifying the parties taking the appeal and the

judgment or order or both being appealed. The notice shall also state whether the appeal is to the Court of Appeals or to the Supreme Court.

We hold that appellant's notice of appeal is flagrantly deficient with respect to these requirements. We decline to say the order appealed from is easily identifiable because the notice does not specify the orders. Also, the notice of appeal states that he was appealing a "conviction of the jury," when this was a revocation before the circuit court. Finally, the notice of appeal does not state to which appellate court he is appealing.

Our supreme court has held that whether an appellant has filed an effective notice of appeal is always an issue before the appellate court. *Smith v. State*, 2009 Ark. 85. The filing of a notice of appeal is jurisdictional. *Id*. Absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *Id*.

On the civil side, in *Brown v. United Bank*, 2014 Ark. App. 643, 448 S.W.3d 726, we held that a notice of appeal that fails to designate the judgment or order appealed from as required under the rules of appellate procedure is deficient, but such a defect is not necessarily fatal to the notice where it is clear which order the appellant is appealing and the notice was filed timely as to that order. Ark. R. App. P.–Civ. 3(e). *But see Smith v. Freeman*, 2014 Ark. App. 569, at 2, where this court held:

> Normally, where an appellant attempts to designate the order and simply misidentifies the order by date, our courts will find substantial compliance. The present situation, however, does not involve accidental inaccuracy. Appellant made no attempt to designate the order appealed. He merely requested "the case cited above be appealed." Such an omission forecloses the possibility of substantial compliance with Rule 3(e). These deficiencies in appellant's notices of appeal prevent us from establishing whether appellant's appeal is timely and, accordingly, whether we have jurisdiction.

In *Duncan v. Duncan*, 2009 Ark. 565, the supreme court held that, when it was clear which order the appellant was appealing from given the issues raised in the notice of appeal, an inaccurate date listed for the order appealed from in the notice of appeal was merely a scrivener's error. The only criminal cases citing *Duncan* are *Edwards v. State*, 2014 Ark. 185, and *Hayes v. State*, 2011 Ark. App. 79, 381 S.W.3d 117, but the facts are not identical. And in *Callaway v. Abshure*, 2013 Ark. App. 21, at 2, our court distinguished *Duncan* and noted that

> [o]ur courts require substantial compliance with [Ark. R. App. P.–Civ. 3(e)]. Consequently, where an appellant attempts to designate the order appealed from and simply misidentifies the order by date, our courts will find substantial compliance despite the inaccuracy or "scrivener's error." The present situation, however, does not involve an inaccuracy or a scrivener's error. Unlike the appellants in the cited cases, Callaway did not ascribe an incorrect date to the order appealed from or make a similar mistake. Rather, he made no attempt at all to "designate" the order appealed from, as required by Rule 3(e). He merely stated that he objected to "the order" entered in the case. Because such an omission forecloses the possibility of substantial compliance with Rule 3(e), Callaway's notice of appeal is ineffective, and we must dismiss the appeal.

In a recent opinion, we stated, "Pursuant to Rule 3, a notice of appeal must designate the judgment or order appealed from, and an order not mentioned in the notice of appeal is not properly before an appellate court." *Johnson v. De Kros*, 2014 Ark. App. 254, at 11, 435 S.W.3d 19, 26.

Accordingly, despite appellant's notice of appeal being timely filed, the language of the notice of appeal does not fairly and accurately inform us of (1) the order(s) being appealed from as required by Rule 2(a), (2) the appellate court to which he is appealing, or (3) whether the order(s) resulted from a bench hearing rather than a jury trial. Appellant's notice

5



of appeal fails to substantially, or otherwise, comply with Rule 2(a). Accordingly, we dismiss the appeal.

Appeal dismissed.

VIRDEN and HIXSON, JJ., agree.

*Anthony S. Biddle*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.