SLIP OPINION

Cite as 2015 Ark. 452

# SUPREME COURT OF ARKANSAS

No. CR-15-916

| | | |
|---|---|---|
| MICHAEL TODD | | **Opinion Delivered** December 3, 2015 |
| | APPELLANT | |
| V. | | MOTION FOR BELATED APPEAL |
| STATE OF ARKANSAS | | <u>MOTION GRANTED</u>. |
| | APPELLEE | |

**PER CURIAM**

Appellant Michael Todd, by and through his attorney, Anthony S. Biddle, has filed a motion for belated appeal. On June 26, 2014, the Hempstead County Circuit Court revoked Appellant Michael Todd's suspended imposition of sentences. On July 22, 2014, Todd filed his notice of appeal. On June 3, 2015, the Arkansas Court of Appeals dismissed Todd's appeal, holding that despite Todd's notice of appeal being timely filed, his notice of appeal was ineffective to confer appellate jurisdiction. *See Todd v. State*, 2015 Ark. App. 356, 465 S.W.3d 435. Specifically, the court of appeals held that the language of Todd's notice of appeal did not fairly and accurately inform the court of the order(s) being appealed from as required by Rule 2(a) of the Arkansas Rules of Appellate Procedure–Criminal, the appellate court to which Todd was appealing, or whether the order(s) resulted from a bench hearing rather than a jury trial. *Id*. at 5, 465 S.W.3d at 438.

In the present motion for belated appeal, Mr. Biddle admits that it was his obligation to file an appropriate notice appeal. We have clarified our treatment of motions for rule on

clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we stated that there are only two possible reasons for an appeal not being timely perfected: either the party or the attorney filing the appeal is at fault, or there is "good reason." *Id.* at 115, 146 S.W.3d at 891. We explained:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide if good reason is present.

*Id.*, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id.*

In accordance with *McDonald*, Mr. Biddle has candidly admitted fault. Therefore, the motion is granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.

SLIP OPINION