

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–539

| | | |
|---|---|---|
| TRENCIE OLIVER | | **Opinion Delivered** February 10, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CR–14–1889] |
| V. | | |
| | | HONORABLE HERBERT WRIGHT, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REMANDED FOR CLARIFICATION AND CORRECTION OF SENTENCING ORDER; SUPPLEMENTAL RECORD AND ADDENDUM ORDERED |

## BART F. VIRDEN, Judge

The Pulaski County Circuit Court convicted appellant Trencie Oliver of second–degree unlawful discharge of a firearm from a vehicle and possession of firearms by certain persons, and he was sentenced as a habitual offender to an aggregate term of thirty years' imprisonment. On appeal, Oliver raises several arguments; however, we cannot address the merits at this time. Instead, we remand for clarification and correction of the sentencing order, after which, Oliver may file a new notice of appeal and supplement the record and his addendum with the order and notice.

Although this was a bench trial, the sentencing order entered April 20, 2015, reflects that Oliver entered a negotiated guilty plea. The general rule is that there is no right to

SLIP OPINION

appeal from a guilty plea. *Seibs v. State*, 357 Ark. 331, 166 S.W.3d 16 (2004). As the sentencing order now stands, this court does not have jurisdiction to hear the appeal; therefore, we remand with instructions for the trial court to clarify and correct the sentencing order. *See, e.g., DeShazier v. State*, 2014 Ark. App. 471. "[T]he trial court is without jurisdiction to modify its judgment *except to correct its judgment to make it speak the truth in aid of the jurisdiction of the appellate court.*" *Williams v. State*, 229 Ark. 42, 45, 313 S.W.2d 242, 244 (1958) (emphasis added). Oliver may then amend his notice of appeal to specify the order from which an appeal is being taken. *See, e.g., Todd v. State*, 2015 Ark. App. 356, 465 S.W.3d 435.

We remand for the trial court to clarify and correct its sentencing order within seven days, after which, should he choose to continue to pursue an appeal, Oliver will have thirty days from entry of the order to supplement the record and his addendum with a new notice of appeal and the corrected order.

Remanded for clarification and correction of sentencing order; supplemental record and addendum ordered.

KINARD and GLOVER, JJ., agree.

*Mullenix & Reardon, P.A.*, by: *D. Ryan Mullenix* and *The Baxter Law Firm*, by: *Ray Baxter*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.