SLIP OPINION

Cite as 2017 Ark. 175

# SUPREME COURT OF ARKANSAS.
No. CR-16-738

| | |
|---|---|
| MICHAEL RAY MATLOCK<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered May 11, 2017<br><br>PRO SE APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT [NO. 41CR-13-74 ]<br><br>HONORABLE CHARLES A. YEARGAN, JUDGE<br><br>APPEAL DISMISSED. |

**PER CURIAM**

On January 6, 2015, appellant, Michael Ray Matlock, pleaded guilty to second-degree sexual assault and sexual indecency with a child and was sentenced to an aggregate term of 180 months' imprisonment. The initial judgement of conviction entered by the trial court on January 26, 2015, allowed jail-time credit of 181 days.

On May 16, 2016, Matlock filed in the trial court a request for an amended sentencing order based on a pro se motion for jail-time credit. Matlock alleged that he was entitled to 547 days' credit for his pretrial detention, which, according to Matlock, had extended from his arrest on July 9, 2013, through January 6, 2015. On June 8, 2016, the trial court entered an amended order, but the order did not set out the number of jail-time days to which Matlock was entitled. Instead, the order indicated that "the sentence is to run nunc pro tunc to 7/9/13."

Matlock filed a notice of appeal on June 22, 2016. In response to Matlock's notice of appeal, the trial court sent a letter to Matlock and acknowledged Matlock's entitlement

to jail-time credit of 546 days. The court further informed Matlock that the Arkansas Department of Correction would give him credit for the 546 days based on the nunc pro tunc language contained in the amended order.

Matlock proceeded with this appeal and filed his brief, arguing that he was entitled to 547 days of jail-time credit. The State subsequently filed a motion to supplement the record. The State's motion was granted, and the supplemental record was filed on January 5, 2017. The supplemental record consists of a second amended order entered on November 30, 2016, which specifically added 556 days for jail-time credit, which is not consistent with the 547 days to which Matlock claimed entitlement, nor is it consistent with the trial court's earlier computation of 546 days. While the State admitted that it was unclear why the trial court awarded Matlock 556 days, it does not contest Matlock's entitlement to the extra days of jail-time credit. The State contends that the second amended order has rendered the appeal moot. We agree.

A circuit court has the power to correct clerical errors nunc pro tunc so that the record speaks the truth. *State v. Rowe*, 374 Ark. 19, 24–25, 285 S.W.3d 614, 619 (2008). Pursuant to Rule 60(b) (2016) of the Arkansas Rules of Civil Procedure, a trial court may at any time correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. *Cason v. State*, 2016 Ark. 387, at 5, 502 S.W.3d 510, 513–14 (per curiam). A true clerical error is one that arises, not from an exercise of the court's judicial discretion, but from a mistake on the part of its officers. *Id.* When it is shown that the trial court intended to award jail-time credit at the time it

entered the original judgment, the omission of this jail-time credit may be corrected nunc pro tunc in a subsequent amended order. *Id*. at 7, 502 S.W.3d at 515.

A trial court maintains jurisdiction after a record is lodged on appeal to correct a judgment to speak the truth. *Sherman v. State*, 326 Ark. 153, 158, 931 S.W.2d 417, 420 (1996) (Once an appeal has been lodged, a trial court loses jurisdiction except to correct a judgment to speak the truth.). Generally, an issue becomes moot when any judgment rendered would have no practical effect upon a then existing legal controversy. *See Wigley v. Hobbs*, 2013 Ark. 379, at 1–2 (per curiam) (Because the appellant was no longer incarcerated, granting habeas relief would have no practical effect.). Because the trial court maintained jurisdiction to enter the second amended order that provided Matlock with the remedy he sought in this appeal and because the State concedes that Matlock is entitled to the jail-time credit set forth in the second amended order, the question on appeal is now moot.

Appeal dismissed.

*Michael Ray Matlock*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.