Cite as 2021 Ark. App. 76

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-20-226

| | |
|---|---|
| | **Opinion Delivered** February 17, 2021 |
| DAVID KEVIN MALLETT | APPEAL FROM THE FAULKNER |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NOS. 23CR-16-585, 23CR-18-1213] |
| V. | |
| | HONORABLE, CHARLES E. |
| | CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | DISMISSED IN PART; MOOT IN PART |

## LARRY D. VAUGHT, Judge

David Kevin Mallett appeals the January 13, 2020 amended sentencing order and the deemed denial of his motion for reconsideration contending that the Faulkner County Circuit Court improperly calculated and applied jail-time credit to his sentences in CR-16-585 and CR-18-1213. Because we lack jurisdiction over the appeal in CR-16-585, we dismiss it. Our dismissal of CR-16-585 renders the appeal of CR-18-1213 moot.

On July 6, 2016, Mallett was charged in CR-16-585 with Class C felony possession of hydrocodone and first-offense misdemeanor driving while intoxicated (DWI) after a car accident on July 3. On January 23, 2017, Mallett pled guilty to the charges, and the circuit court sentenced Mallett to probation for thirty-six months for the possession conviction and one day in jail for the DWI conviction to which a one-day jail-time credit was applied.

On September 19, 2018, an information was filed in CR-18-1213 alleging that on May 30, Mallett had committed the new offenses of possession of a controlled substance,

misdemeanor DWI (second offense), and careless and prohibited driving. Thereafter, on October 15, the State filed a petition to revoke Mallett's probation in CR-16-585 alleging that he had violated Arkansas laws.

On October 29, 2019, Mallett pled nolo contendere to the allegations in the State's petition to revoke Mallett's probation in CR-16-585 and to the misdemeanor DWI charge in CR-18-1213.[1] The circuit court accepted Mallett's pleas and scheduled a sentencing hearing for December 23.

At the conclusion of the December 23 sentencing hearing, the circuit court sentenced Mallett to four days in jail for the DWI second offense in CR-18-1213. For the probation violation in CR-16-585, the court sentenced Mallett to 120 days in jail, with 116 days suspended, for a total of four days in jail. The court ordered the sentences to run concurrently and stated that Mallett would have to serve time for which he did not have credit. On December 23, the circuit court entered a judgment and disposition order in the revocation case, CR-16-585, sentencing Mallett to 120 days in jail, with 116 days suspended. There is no mention of jail-time credit on the judgment and disposition order. Also, on December 23, the court entered a sentencing order in CR-18-1213, imposing a jail sentence (with no specific time stated) for the DWI second-offense conviction. This order further provides that Mallett's sentence is concurrent with the sentence in CR-16-585 and that Mallett has one day of jail-time credit. On January 3, an amended sentencing order was entered in CR-18-1213. It

---

[1]The charges for possession of a controlled substance and careless driving were nolle prossed.

specifies that Mallett was sentenced to four days in jail for the misdemeanor DWI conviction and that he is entitled to one and a half days of jail-time credit.

On January 10, 2020, a hearing was held on Mallett's motion to amend judgment wherein his counsel challenged the jail-time credit the circuit court had applied to his concurrent four-day sentences in CR-16-585 and CR-18-1213. Mallet's counsel contended that the State had improperly calculated his jail time in hours instead of days and that the State did not give him credit for all the time he had served in jail going back to 2015. The defense argued that Mallett had served time in jail in Faulkner and Van Buren Counties on seven different occasions and had nine days of jail time for which he had not received credit.

The State presented the testimony of Lieutenant Lacrecia Flowers of the Faulkner County Sheriff's Department. She stated that Mallett was entitled to a total of two and a half days of jail-time credit: a one-day credit for his stay on October 9–10, 2018 (arrested at 9:39 p.m. and released the next morning at 4:23 a.m.); a half-day credit for his stay on October 24 (arrested at 8:58 a.m. and released that day at 1:16 p.m.); and a one-day credit for his stay on February 7–8, 2019 (arrested at 11:22 p.m. and released the next morning at 9:04 a.m.).

After considering the evidence and argument of counsel, the circuit court ruled that it would not consider Mallett's jail-time credit occurring before September 19, 2018—the date the felony information was filed in CR-18-1213. The court further found that Mallett had two and a half days of jail-time credit; therefore, he had one and a half days left to serve on his sentences. The court ordered that Mallett immediately be taken into custody, at which time Mallett's counsel notified his intent to appeal the court's decision and requested an appeal bond. The court ordered a $5000 appeal bond. Mallett filed a notice of appeal after the hearing

3

on January 10. On January 13, the circuit court entered a second amended sentencing order in CR-18-1213 sentencing Mallett to four days in jail for the DWI conviction, running it concurrently with his sentence in CR-16-585, and stating that he is entitled to two and a half days of jail-time credit.

On February 12, Mallett filed a motion for reconsideration in CR-16-585 and CR-18-1213 arguing that the State provided no authority for calculating jail-time credit by the hour and that, pursuant to Arkansas Code Annotated section 5-4-304(c)(2) (Supp. 2019), he should be awarded a day of jail-time credit for "any part of a twenty-four-hour period spent in confinement." He also argued that he was entitled to credit for the time he spent in jail in Van Buren County in 2016 because it was a companion case to CR-16-585, and his plea resolved both cases. Lastly, Mallett argued that his right to fundamental fairness under article 2, section 9 of the Arkansas Constitution had been violated because the State calculated his jail-time credit by the hour.

On April 2, Mallett filed an amended notice of appeal, which stated that he was appealing from the deemed denial of his motion for reconsideration in CR-16-585 and CR-18-1213. This appeal followed.

As a preliminary matter, the State argues on appeal that our court lacks jurisdiction to consider Mallett's appeal in CR-16-585 on the basis of a defective notice of appeal. Specifically, the State claims that Mallett's notice of appeal fails to identify the judgment disposing of CR-16-585—his probation-revocation case.

Our supreme court has held that whether an appellant has filed an effective notice of appeal is always an issue before the appellate court. *Todd v. State*, 2015 Ark. App. 356, at 4, 465

4

S.W.3d 435, 437. The filing of a notice of appeal is jurisdictional. *Id.*, 465 S.W.3d at 437. Absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *Id.*, 465 S.W.3d at 437.

> Arkansas Rule of Appellate Procedure–Criminal 2 provides that
>
> the person desiring to appeal the judgment or order or both shall file with the clerk of the circuit court a notice of appeal identifying the parties taking the appeal and the judgment or order or both being appealed. The notice shall also state whether the appeal is to the Court of Appeals or to the Supreme Court.

Ark. R. App. P.–Crim. 2(a)(4) (2020). Mallett's notice of appeal states:

> Notice is hereby given on January 10, 2020, that David Kevin Mallett appeals to the Arkansas Supreme Court from Sentencing Order entered on January 10, 2020. Specifically, [Mallett] is appealing the Court's findings at a hearing challenging the [State's] representation of jail credit that should be applied in the matter.

There is only one judgment entered in this case that disposes of CR-16-585: the December 23, 2019 judgment and disposition order. Mallett's notice does not identify the December 23 judgment,[2] which renders the notice defective on its face. However, in *State v. Brown*, our court held that when it is clear which order the appellant is appealing from, given the issues raised in the notice of appeal, an inaccurate date listed for the order appealed from in the notice of appeal is merely a scrivener's error. 2010 Ark. 483, at 2 n.3 (citing *Duncan v. Duncan,* 2009 Ark. 565, at 5[3]).

---

[2]The notice of appeal identifies a January 10, 2020 sentencing order, but no sentencing order was entered on that date.

[3]*Duncan*, a civil case, addressed the issue of whether a notice of appeal substantially complied with Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil, which requires a notice of appeal to, among other things, designate the judgment, decree, order, or part thereof appealed from. Ark. R. App. P.–Civ. 3(e)(ii) (2020).

In his reply brief, Mallett argues that his notice of appeal is proper under Arkansas Rule of Appellate Procedure–Criminal 2 because he "filed his [January 10] notice of appeal before the sentencing order was entered" and that he was appealing from the January 13, 2020 sentencing order. Therefore, there is no scrivener's error or misidentified judgment or order in Mallett's notice of appeal. His January 10 notice appealed from the January 13 sentencing order. That order, however, only disposed of CR-18-1213.

In *Todd*, we stated, "Pursuant to [Arkansas Rule of Appellate Procedure–Civil] 3, a notice of appeal must designate the judgment or order appealed from, and an order not mentioned in the notice of appeal is not properly before an appellate court." 2015 Ark. App. 356, at 5, 465 S.W.3d at 438 (citing *Johnson v. De Kros*, 2014 Ark. App. 254, at 11, 435 S.W.3d 19, 26). Because Mallett failed to identify in his notice of appeal the December 23, 2019 judgment and disposition order in CR-16-585, he failed to comply—substantially or otherwise—with Arkansas Rule of Appellate Procedure–Criminal (2)(a)(4). Accordingly, this court lacks jurisdiction to hear the appeal of CR-16-585, and we must dismiss it.[4]

Our dismissal of the appeal in CR-16-585 dictates our disposition of CR-18-1213. Because Mallett failed to properly appeal his four-day jail sentence in CR-16-585, he must

---

[4]Mallett's filing of a motion for reconsideration and an amended notice of appeal, which were filed in CR-16-585, does not cure the jurisdictional defect. Arkansas Rule of Criminal Procedure 33.3(b) (2020) requires a posttrial motion to be filed within thirty days of the entry of judgment. The judgment and disposition order in CR-16-585 was entered on December 23, 2019; therefore, the deadline to file posttrial motions was January 22, 2020. Mallett's motion for reconsideration was filed on February 12, 2020, which is untimely, and the circuit court lacked jurisdiction to consider it. *State v. Boyette*, 362 Ark. 27, 33, 207 S.W.3d 488, 493 (2005). Because the circuit court lacked jurisdiction to consider Mallett's motion for reconsideration, his amended notice of appeal of the "deemed denial" of the motion had no effect and could not vest this court with jurisdiction to hear the appeal in CR-16-585.

6

serve that sentence. Once he serves that sentence, because it is concurrent with his sentence in CR-18-1213, he has effectively served his sentence in CR-18-1213, which renders an appeal of that sentence moot. In other words, assuming arguendo that we were to hold in favor of Mallett in CR-18-1213, it would have no practical effect. Generally, an issue becomes moot when any judgment rendered would have no practical effect upon a then existing legal controversy. *Matlock v. State*, 2017 Ark. 175, at 3, 518 S.W.3d 79, 81. Accordingly, we hold that Mallett's appeal in CR-18-1213 is moot.

Dismissed in part; moot in part.

GLADWIN and HIXSON, JJ., agree.

*McDaniel Wolff & Benca*, by: *Patrick J. Benca*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.