Cite as 2024 Ark. App. 52

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-23-83

| | |
|---|---|
| KEITHAN WAYNE JACKSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered January 24, 2024<br><br>APPEAL FROM THE PIKE COUNTY CIRCUIT COURT<br>[NO. 55CR-21-78]<br><br>HONORABLE TOM COOPER, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

A Pike County Circuit Court jury found appellant Keithan Jackson guilty of possession of a controlled substance with the purpose to deliver, commercial burglary, criminal mischief, theft of property, and possessing an instrument of crime. Appellant was sentenced as a habitual offender to an aggregate of 135 years' imprisonment and ordered to pay over $45,000 in fines. Appellant argues on appeal that the circuit court erred by sentencing him to thirty years' imprisonment for the theft-of-property charge when the statutory maximum penalty was fifteen years' imprisonment. We affirm.

The jury sentenced appellant to fifteen years' imprisonment for theft of property, and the circuit court announced that it would follow the jury's recommendation. However, when the sentencing order was filed in October 2022, it incorrectly stated that appellant was sentenced to thirty years' imprisonment for theft of property and fifteen years' imprisonment

for criminal mischief. The jury-verdict forms and the oral pronouncement by the circuit court show that the sentences for these two charges were mixed up.

Appellant filed a timely notice of appeal challenging the thirty-year sentence for theft of property. The circuit court subsequently filed a second amended sentencing order on June 16, 2023, correcting the sentences appellant had received and to make the sentencing order speak the truth. The State filed its brief on August 2, contending that since the circuit court had corrected the theft-of-property sentence, appellant's argument before this court is moot. Appellant filed a reply brief on August 15, contending that the issue is not moot because the circuit court not only gave appellant the relief he sought (reduced the sentence for theft of property from thirty years' imprisonment to fifteen years' imprisonment), but it also gave relief appellant never asked for (increased the sentenced for criminal mischief from fifteen years' imprisonment to thirty years' imprisonment). Additionally, appellant contends that the circuit court was without jurisdiction to correct the sentencing order after his appeal had been docketed in this court since no leave was granted to allow such a correction.

As a general rule, our appellate courts will not review issues that are moot.[1] To do so would be to render advisory opinions, which this court will not do.[2] A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal

[1]*Trujillo v. State*, 2016 Ark. 49, 483 S.W.3d 801.

[2]*Id.*

controversy.[3] Two exceptions to the mootness doctrine have been recognized: (1) issues that are capable of repetition yet evade review and (2) issues that raise considerations of substantial public interest that, if addressed, would prevent future litigation.[4] Here, the circuit court corrected the sentence associated with appellant's theft-of-property conviction, but it also changed appellant's criminal-mischief sentence. Thus, we agree with appellant that the issue before us is not moot.

Appellant maintains that that circuit court lacked jurisdiction to correct the sentencing order after his appeal was lodged with our court. He relies on Arkansas Rule of Civil Procedure 60(b), which states in pertinent part:

> (b) *Exception; Clerical Errors.* Notwithstanding subdivision (a) of this rule, the court may at any time, with prior notice to all parties, correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court *and thereafter while the appeal is pending may be so corrected with leave of the appellate court.*

(Second emphasis added.) Appellant relies on the italicized statement to support his contention that the circuit court lacked jurisdiction to correct the sentencing order because this court never granted leave for it to do so. While we acknowledge that the rule speaks for itself and there is no indication that this court granted leave for such a correction, that is as far as we are willing to go. In *Matlock v. State*,[5] our supreme court held that a circuit court

---

[3]*Id.*
[4]*Id.*

[5]2017 Ark. 175, 518 S.W.3d 79.

3

has the power to correct clerical errors nunc pro tunc so that the record speaks the truth. It stated that pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure, a circuit court may *at any time* correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission.[6] A true clerical error is one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers.[7] A circuit court maintains jurisdiction after a record is lodged on appeal to correct a judgment to speak the truth.[8]

We, therefore, hold that the circuit court was within its jurisdiction to correct appellant's sentencing order and to make it speak the truth as to both the theft-of-property and criminal-mischief sentences. We affirm appellant's sentences as reflected by the second amended sentencing order.[9]

Affirmed.

GRUBER and THYER, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[6]*Id.*

[7]*Id.*

[8]*Id.* (citing *Sherman v. State*, 326 Ark. 153, 158, 931 S.W.2d 417, 420 (1996)).

[9]The corrections have no bearing on the aggregate time appellant is to serve in prison.