Cite as 2025 Ark. App. 104

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-24-188

| | | |
|---|---|---|
| BRIAN PEUGH | | **Opinion Delivered** February 19, 2025 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-22-623] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE MARC MCCUNE, JUDGE |
| | APPELLEE | AFFIRMED IN PART; DISMISSED IN PART |

**WENDY SCHOLTENS WOOD, Judge**

Brian Peugh appeals the sentencing order entered by the Crawford County Circuit Court convicting him of theft of property, sentencing him to five years in the Arkansas Division of Correction, and ordering him to pay $53,000 in restitution. On appeal, Peugh challenges the sufficiency of the evidence supporting the conviction and also argues that the circuit court erred in failing to hold a hearing on his motion for a new trial and denying it. We affirm Peugh's conviction, and we dismiss his appeal of the order denying his motion for new trial because we lack jurisdiction.

The conviction arises from a contract between Peugh and Barbara and Kenneth Fariss pursuant to which Peugh agreed to build a swimming pool in the Farisses' backyard. The parties signed a contract on December 17, 2021, which covered "dirt work," construction of a retaining wall, and installation of an eighteen-foot by thirty-six-foot pool kit with associated

plumbing for a total price of $87,000. The contract required Peugh to begin work on the pool within 120 days, but Peugh told the Farisses that he would complete the pool by the middle of March, weather permitting. The Farisses paid Peugh $23,000 on the day the contract was executed. Peugh told the Farisses that he would use this amount to purchase the pool kit before the price increased. In February 2022, the Farisses paid Peugh an additional $30,000, which Peugh said was necessary to pay for the retaining wall and the "dirt work." Peugh's bank records reflect Peugh's deposits of both payments.

On February 14, Kenneth asked Peugh for a status report because no work had been done on his property. Peugh responded three weeks later, blaming the weather for his lack of progress. On March 17, Peugh texted Kenneth a photo of concrete blocks. On March 30, Peugh again texted that his lack of progress was due to bad weather, to which Kenneth responded that it had not rained for two weeks. In April, when Peugh still had done no work on the project, Kenneth demanded that Peugh refund the $53,000 he had paid him. Peugh responded that his daughter was ill, his phone had died, and that it would take a "little while to get a refund on the pool and blocks."

In June, Kenneth demanded that Peugh provide receipts for the pool kit and concrete blocks Peugh had purchased and return any remaining funds. Kenneth indicated that he found someone to do the dirt work and would be using the pool kit and the blocks. Kenneth told Peugh that he could send someone to pick them up from Peugh. After getting no response, Kenneth texted that he assumed Peugh did not have the pool kit or the blocks and again demanded that Peugh return his $53,000. Peugh did not return any of the money or

supplies, never performed any work at the Farisses' home, did not purchase a pool kit or concrete blocks for their project, and did not secure a construction permit. On June 9, Kenneth filed a police report. On July 22, Peugh was charged by information with Class B felony theft of property.

After a trial on October 26, 2023, a jury found Peugh guilty of theft of property and sentenced him to five years' imprisonment plus restitution of $53,000. On October 30, the circuit court entered a sentencing order reflecting the jury's verdict and sentence. On November 29, Peugh filed two pro se pleadings with the circuit court: a motion for new trial and a "motion of intent to appeal." The court entered an order denying the motion for new trial the same day. On December 20, Peugh's appointed counsel filed an amended notice of appeal. On appeal, Peugh challenges the sufficiency of the evidence that supported the theft conviction and the circuit court's denial of his motion for new trial.

Before we address Peugh's points on appeal, we must determine whether we have jurisdiction. The State contends that we do not, arguing that Peugh's pro se notice of appeal is ineffective to appeal either the sentencing order or the denial of his motion for new trial because it does not identify either order, designate portions of the record for appeal, state whether the appeal is to the court of appeals or the supreme court, or certify that a transcript of the trial record has been ordered and financial arrangements made for its preparation. The State also argues that Peugh's counsel's amended notice of appeal is not effective to appeal either order because it is untimely to appeal the sentencing order and fails to designate the order denying the motion for new trial.

3

The filing of a notice of appeal is jurisdictional; absent an effective notice of appeal, we lack jurisdiction to consider the appeal and must dismiss it. *McMillan v. McMillan*, 2024 Ark. App. 630, at 3. Rule 2(a)(4) provides that a notice of appeal shall identify the parties taking the appeal and the judgment or order or both being appealed. Ark. R. App. P.–Crim. 2(a)(4) (2024). Orders not mentioned in the notice of appeal are not properly before the court. *See Todd v. State*, 2015 Ark. App. 356, at 4–5, 465 S.W.3d 435, 437–38. The notice of appeal must be filed within thirty days from the date of entry of the judgment or sentencing order, but a timely filed motion for new trial, which Peugh filed, extends the time for filing a notice of appeal. Ark. R. App. P.–Crim. 2(b)(1); Ark. R. Crim. P. 33.3(c) (2024). In that case, the notice of appeal must be filed within thirty days from entry of the order disposing of the motion or the date it is deemed denied. Ark. R. App. P.–Crim. 2(b)(1); Ark. R. Crim. P. 33.3(c).

Because Peugh's pro se notice of appeal and his counsel's amended notice of appeal were filed within thirty days of the circuit court's denial of Peugh's motion for new trial, both notices of appeal were timely filed as to the sentencing order and the order denying the motion for new trial. Ark. R. App. P.–Crim. 2(b)(1); Ark. R. Crim. P. 33.3(c) The issue is whether either notice of appeal identifies the orders being appealed.

Peugh's pro se notice of appeal does not identify any order, either by name or date, and thus does not provide a jurisdictional basis for us to hear an appeal from either order. *Mallett v. State*, 2021 Ark. App. 76, at 6; *Daniel v. State*, 64 Ark. App. 98, 100, 983 S.W.2d 146, 147 (1998). Counsel's amended notice of appeal provides that Peugh appeals "from the

4

judgment and sentence in favor of the State of Arkansas, against the defendant, Brian Peugh, all documents from the filing of his case on July 22, 2022."[1] The second paragraph provides that he "designates the entire record . . . relating to this case regarding the Jury Trial conducted on or around October 26th 2023 and all documents moving forward." Although this notice does not specifically identify either order by name or by date, we have held such a defect may not be fatal when it is clear which order the appellant is appealing and the notice was timely filed as to that order. *Todd*, 2015 Ark. App. 356, at 4, 465 S.W.3d at 437 (citing *Brown v. United Bank*, 2014 Ark. App. 643, 448 S.W.3d 726). We hold that this notice is sufficiently clear to identify the sentencing order entered on October 30, 2023, on the jury's verdict from the October 26 jury trial and that we have jurisdiction to review Peugh's challenge to the evidence supporting his conviction. However, the language of this notice does not identify the circuit court's order denying Peugh's motion for new trial. Accordingly, we dismiss for lack of jurisdiction the part of this appeal related to the order denying Peugh's motion.

Peugh's appeal is a challenge to the sufficiency of the evidence supporting his theft conviction. In reviewing such a challenge, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Edmond v. State*, 351 Ark. 495, 95 S.W.3d 789 (2003). We will affirm a conviction if substantial evidence exists to support it. *Price v. State*, 2019 Ark. 323, at 4, 588 S.W.3d 1, 4. Substantial evidence is that

---

[1]July 22, 2022, is the date of the criminal information filed against Peugh.

5

which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Dortch v. State*, 2018 Ark. 135, at 5, 544 S.W.3d 518, 522. This court does not weigh the evidence presented at trial or assess the credibility of the witnesses, because those are matters for the fact-finder. *Drennan v. State*, 2018 Ark. 328, at 6, 559 S.W.3d 262, 266. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*, 559 S.W.3d at 266.

Peugh was convicted of theft of property with a value of $25,000 or more. A person commits theft of property if he or she "knowingly: (1) [t]akes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property[.]" Ark. Code Ann. § 5-36-103(a)(1) (Repl. 2024). A person acts knowingly with respect to the person's conduct "when he or she is aware that his or her conduct is of that nature" or with respect to a result of the person's conduct when he or she is "aware that it is practically certain that his or her conduct will cause the result[.]" Ark. Code Ann. § 5-2-202(2) (Repl. 2024). A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Wright v. State*, 2022 Ark. 103, at 9, 644 S.W.3d 236, 241. Because intent cannot be proved by direct evidence, the jurors can draw upon their common knowledge and experience to infer it from the circumstances. *Id.*, 644 S.W.3d at 241.

Peugh argues that there was no proof that he had the necessary criminal intent to deprive the Farisses of their $53,000 pool deposit. He contends that this matter is a civil-contract dispute, not a crime, and that it should be submitted to arbitration as the parties' contract requires. He argues that his control over the money was not "unauthorized" because it was pursuant to the parties' contract, which he suggests shields him from liability, whatever his actual intentions or actions. We do not speculate on the outcome of a civil dispute between the Farisses and Peugh on the contract. The case before us is a criminal action for theft between the State and Peugh. Peugh has cited no authority for his argument that parties to a contract cannot be liable for theft.

The evidence presented by the State is that Peugh told the Farisses that he needed $53,000 to purchase a pool kit, pay for dirt work, and construct a retaining wall, and the Farisses gave him their money for that purpose. Peugh did not use the Farisses' money for any of those things; rather, he purchased personal items, eventually leaving a balance in his account of $393 by early May 2022. Peugh ignored Kenneth's numerous demands to return the funds. Further, more than seven months after the contract was executed, not one stone had been turned on the Farisses' property, no supplies had been purchased by Peugh, and no response to Kenneth's requests for return of the deposit had been provided. The jury does not, and need not, view each fact in isolation but may consider the evidence as a whole. *Harjo v. State*, 2017 Ark. App. 337, at 4, 522 S.W.3d 839, 843. Jurors are also entitled to draw any reasonable inference from circumstantial evidence to the same extent that they can from direct evidence. *Id.*, 522 S.W.3d at 843. When considering the preceding facts and

7

circumstances in the light most favorable to the State, we hold that substantial evidence supports the jury's verdict that Peugh knowingly exercised unauthorized control over the Farisses' money.

Affirmed in part; dismissed in part.

KLAPPENBACH, C.J., and BARRETT, J., agree.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Sr. Ass't Att'y Gen., for appellee.