Cite as 2025 Ark. App. 433

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-24-389

| | |
|---|---|
| KEITHAN JACKSON | **Opinion Delivered** September 17, 2025 |
| APPELLANT | APPEAL FROM THE PIKE COUNTY CIRCUIT COURT [NO. 55CR-21-78] |
| V. | |
| STATE OF ARKANSAS | HONORABLE TOM COOPER, JUDGE |
| APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Stemming from the burglary of a Glenwood, Arkansas, pharmacy, a Pike County jury convicted Keithan Jackson of Class A felony possession of a Schedule II controlled substance—hydrocodone, more than 28 grams but less than 200 grams, with the purpose to deliver; commercial burglary; theft of property; criminal mischief; and possessing an instrument of crime. Jackson was sentenced as a habitual offender to an aggregate term of 135 years' incarceration and ordered to pay over $45,000 in fines. He filed a direct appeal alleging errors in the sentencing order. The clerical errors in the order were subsequently corrected in a second amended sentencing order, and this court affirmed his convictions.[1] Jackson now appeals the denial of his petition for postconviction

---

[1]*Jackson v. State*, 2024 Ark. App. 52, 682 S.W.3d 757.

relief alleging ineffective assistance of counsel filed pursuant to Arkansas Rule of Criminal Procedure 37.1.[2] Because Jackson has failed to demonstrate that he is entitled to such relief, we affirm.

On appeal from a circuit court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous.[3] A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed.[4]

The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[5] Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution.[6] A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective

---

[2](2023).

[3]*Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001).

[4]*Id.*

[5]*Strickland v. Washington*, 466 U.S. 668 (1984).

[6]*Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007).

standard of reasonableness.[7] A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[8]

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial.[9] The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors.[10] A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial.[11] Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable.[12] Additionally, conclusory statements that counsel was ineffective cannot be the basis of postconviction relief.[13]

On appeal, Jackson contends that his trial counsel's performance fell below an objective standard of reasonableness amounting to ineffective assistance. He argues that trial counsel failed to adequately prepare for trial and "omitted obvious evidence" during directed-verdict arguments. More specifically, Jackson asserts that trial counsel was not knowledgeable about the legal elements

---

[7] *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam).
[8] *Id.*

[9] *Id.*

[10] *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

[11] *Id.*

[12] *Id.*

[13] *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783.

3

of an offense with which he was charged and, as a result, erroneously failed to make the proper directed-verdict argument.

When a petitioner asserts that counsel is ineffective for the failure to make a motion or an argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel.[14] Further, when a decision by counsel was a matter of trial strategy, and that decision is supported by reasonable professional judgment, postconviction relief under Rule 37 is not available even when the chosen strategy was improvident in retrospect.[15]

Arkansas Code Annotated section 5-64-424(a) provides that it is unlawful for a person to possess a Schedule I or Schedule II controlled substance that is not methamphetamine, fentanyl, heroin, or cocaine with the purpose to deliver the controlled substance. Possession of a controlled substance with purpose to deliver is a Class A felony if the person possessed by aggregate weight, including an adulterant or diluent, 28 grams or more but less than 200 grams of the controlled substance.[16]

Jackson argues that he could be convicted of violating section 5-64-424(b)(3)(A) only if the weight of the controlled substance—hydrocodone—he possessed was more than 28 grams but less than 200 grams. The evidence presented at trial established that Jackson possessed six bottles of pills. The contents of the bottle labeled E1B weighed 158.1 grams; E1C weighed 120.1 grams; E1D

---

[14]*Duck v. State*, 2020 Ark. App. 161, 596 S.W.3d 571.

[15]*Lee v. State*, 2017 Ark. 337, 532 S.W.3d 43.

[16]Ark. Code Ann. § 5-64-424(b)(3)(A) (Repl. 2024).

weighed 157.6 grams; E1G weighed 259.2 grams; E1H weighed 357.3 grams; and E1Z weighed 7.0967 grams, for a total weight of 1059.3967 grams.

Jackson asserts that bottle E1H alone weighed 357.3 grams, far exceeding the statutory maximum of 200 grams. Again, he contends that the statute can be violated only by possessing more than 28 grams but less than 200 grams and that the evidence clearly shows that Jackson possessed more than 200 grams of hydrocodone. He argues that trial counsel raising this "argument" during directed verdict "would have required this charge to be dismissed" before it could even be submitted to the jury. He argues that the State's failure to charge him under the appropriate statute was no fault of his own. He contends that a conviction for possession of a Schedule II substance that exceeds the statutory maximum weight demonstrates prejudice because it disregards the legislative intent of the statute. Jackson submits that, had trial counsel made the weight argument, the circuit court would have granted a directed verdict on the charge of possession of a controlled substance with purpose to deliver.

At trial, the State's witness, Arkansas State Crime Laboratory forensic chemist Ashley Anderson, testified that she analyzed two of the six bottles, E1B and E1H. She stated that the contents of E1B weighed 158.1 grams and contained hydrocodone and acetaminophen. Similarly, she determined that E1H had a net weight of 357.3 grams and contained hydrocodone and acetaminophen.

At the Rule 37 evidentiary hearing, trial counsel testified that the weight of the pills in bottle E1B was 158.1 grams, which was between the parameters of the statute—more than 28 grams but less than 200 grams. Counsel stated that he did not have reason to challenge the applicability of the charged statute in his directed-verdict motion.

5

The circuit court, in its order denying postconviction relief, found that trial counsel's decision not to focus on the fact that Jackson possessed *more* than 200 grams of hydrocodone was a matter of trial strategy. We agree. Further, Jackson failed to show that the argument would have changed the outcome of the trial.

Arkansas Code Annotated section 5-64-424(c) provides that it is a defense to the prosecution that the person possessed less than the minimum listed amount of the controlled substance. What the statute does not provide is that possession of more than the listed amount is also a defense against prosecution. A directed-verdict argument based on Jackson's possession of more than 200 grams of hydrocodone would have been unsuccessful; therefore, trial counsel was not ineffective for failing to make such an argument.[17] Because the petition failed to show that trial counsel could have made a successful argument, Jackson has demonstrated no basis for postconviction relief.

Based on the foregoing, we hold that the circuit court did not clearly err in denying Jackson's Rule 37.1 petition.

Affirmed.

GLADWIN and BARRETT, JJ., agree.

*Keithan Jackson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.

---

[17]*See Duck v. State*, 2020 Ark. App. 161, 596 S.W.3d 571.